[Crim. No. 2403. Second Appellate District, Division One.—August 21, 1933.]

THE PEOPLE, Respondent, v. RUSSELL C. FULLER, Appellant.

Houser & Houser for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

DESMOND, J., *pro tem.*—Defendant appeals from an order of the trial court denying his motion (1) to set aside the judgment and sentence imposed upon him, (2) to withdraw his plea of guilty, (3) to be permitted to enter a plea of not guilty.

This appellant, charged with the crime of robbery while armed with a deadly weapon, had originally entered a plea of not guilty. While held in jail awaiting trial, at the request of a chief of detectives and a deputy district attorney, and with the approval of his own attorney, he made a complete disclosure in regard to the offense charged, and gave the law enforcement authorities such information as they desired and as was within his knowledge concerning other criminal activities in the community where the offense complained of was committed. Defendant was induced to make these disclosures by representations made to him by the officers mentioned that in consideration therefor every effort would be made to secure probation for him, and that at any rate upon a plea of guilty he could rest assured that he would receive no more severe punishment than is provided for second degree robbery, the district attorney having recommended and the court having accepted a plea of guilty to the offense of robbery in that degree in the case of an alleged accomplice of the defendant, who, it appears, was armed at the time of the offense, the defendant then being unarmed.

Acting upon these representations and inducements, the defendant changed his plea from not guilty to guilty and applied for probation. The court, on a statement of the facts relating to the offense being made by a deputy district attorney, fixed the crime as first degree robbery, and at a later time denied probation and sentenced defendant to San Quentin for the term provided by law. Prior to sentence being imposed, appellant's counsel asked the court to permit the defendant to withdraw his plea of guilty, stating that the request was based upon the inability of the prosecuting officers to secure for the defendant what they had given him every reasonable hope to expect, namely, lenient treatment at the hands of the court.

The judge, notwithstanding this presentation of the case, denied the request and imposed the sentence for first degree robbery. A week later he denied the formal motion on matters now before us. This motion was supported by affidavits as to which there is no counter showing, and which, uncontradicted as they are, indicate that the appellant in this case was the victim of the same kind of legal fraud as the appellant in the case of *People* v. *Schwarz et al.,* 201 Cal. 309 [257 Pac. 71, 73], where, under practically the same state of facts as in the instant case, the Supreme Court entered a reversal. Here, as in that case, it may be said: "The facts as alleged fully warrant the conclusion that substantial rights of the defendant have been taken away from her without an opportunity for a hearing on the merits, and this by those persons charged with the enforcement of the law." It is interesting to note that counsel for the respondent, differentiating this case from one where a defendant voluntarily "gambles" on getting probation, and desiring to see that no injustice is done the defendant, joins with counsel for appellant in citing the case last mentioned as authority for a reversal at our hands. Accordingly, in expressing our decision we adopt, so far as it is applicable, the language employed in that case.

The order of May 18, 1933, denying the motion to set aside the judgment and sentence, to grant permission to withdraw the plea of guilty and to enter a plea of not guilty, is reversed and the cause is remanded to the court below, with instructions to allow a further hearing of said motion, and if the material allegations made in support thereof are

sustained, to accord to said defendant the right to withdraw said plea of guilty and to enter a plea of not guilty, and for such further proceedings not inconsistent with this opinion as may seem meet and proper, including vacating of the finding as to the degree of the offense charged.

Conrey, P. J., and York, J., concurred.