[Crim. No. 3552.   Second Dist., Div. Two.   May 5, 1942.]

THE PEOPLE, Respondent, v. HENRY FARMER PRICE, Appellant.

Joseph L. Fainer and Russell E. Parsons for Appellant.

Earl Warren, Attorney General, and Lewis Drucker, Deputy Attorney General, for Respondent.

WOOD (W. J.), J.—In count I of an indictment defendant was charged with conspiracy to violate section 337a of the Penal Code. In each of six other counts he was charged with the violation of subdivisions of this code section. He entered a plea of not guilty to each count on April 16, 1941, but the trial was continued by stipulation to October 8, 1941. Defendant withdrew his pleas of not guilty to counts I and II on October 6, 1941, and entered pleas of guilty to these two counts. He thereupon filed an application for probation, which

came on for hearing on December 10, 1941. At this time defendant requested the court to set aside the pleas of guilty for the purpose of permitting him to enter pleas of not guilty but his motion was denied. Thereupon defendant was sentenced to a term in the county jail and the remaining counts were dismissed on motion of the prosecutor. Defendant has appealed from the order denying his motion to change his pleas and from the judgment.

When defendant was arraigned for judgment on December 10, the court, after relating briefly the proceedings which had taken place, asked defendant if he had any legal cause to show why judgment should not be pronounced. Thereupon counsel for defendant said: ''If your Honor please, at this time I am hesitant as to just what I should do. We have had considerable discussion among ourselves here. I have talked to Mr. McCormick, and in view of some of these matters set forth by the defendant in his statement to the probation officer, and in view of some conflict as to just what his discussion may have been privately and otherwise with representatives of the district attorney's office, we have rather felt that, notwithstanding the long time this case has been here, we have felt that in justice to all of us concerned in this matter that we should perhaps at this time move to set aside the pleas of guilty to the two counts, for the purpose of permitting the defendant Price to proceed to trial. We have no intention of making such a motion as to any of the other defendants involved here, but I think your Honor will see from the statements made by the defendant Price in the report just exactly why I have considered this motion as to him. I have done this after careful consideration and study of the matter.'' The statements made by defendant to the probation officer which were relied upon by defendant when he moved to set aside the pleas of guilty were as follows: ''After my arrest and the Grand Jury investigation, I talked to the attorney general's office and the district attorney, and I was given the impression by the district attorney that if I continued on and fought this case and lost it, the entire expense of the case would be on my shoulders to pay off. As I had spent nearly everything I had, I didn't feel as though I wanted to go ahead with it. They told me if I would plead guilty they would make a recommendation to the judge for probation, but also I was to give them information regarding pay-offs and other things that they believed I knew. I gave them what information I could. . . .''

A motion to withdraw a plea of guilty and to substitute a plea of not guilty is directed to the discretion of the trial court and an order denying the motion will not be disturbed on appeal except upon a strong and convincing showing that the party presenting the motion has been deprived of his legal rights. (*People* v. *Northcutt,* 38 Cal. App. (2d) 258 [100 P. (2d) 1094].) No affidavit was filed in support of defendant's motion to change his pleas. Defendant did not offer to take the witness stand at the time of the hearing of his application for probation to testify concerning the facts of his relations with the prosecutor's office. No claim was then made that evidence could be produced to show that defendant had been unduly or improperly influenced in entering his pleas of guilty. The report of the probation officer merely contained an unsworn statement by defendant made to that official. Although counsel for defendant told the court that there was "some conflict" as to what was defendant's discussion with the prosecutor's representatives, the manner in which he presented the motion did not afford the prosecutor an opportunity to refute the statements on which the motion was based. We find no abuse of discretion on the part of the trial court.

If defendant was taken by surprise when the prosecutor failed to present to the court a recommendation favoring probation he could have requested a continuance so that any claims of unfair treatment could be properly and effectively presented to the court. The way was also open to him even after judgment had been pronounced to file a motion for change of pleas supported by sufficient affidavits, a course followed in *People* v. *Fuller,* 133 Cal. App. 772 [24 P. (2d) 870]. However, defendant chose to stand upon his unsworn statement made to the probation officer.

The appeal from the order denying the motion to set aside the pleas of guilty must be and is dismissed, since such an order made before judgment is not appealable. (*People* v. *Brickert,* 3 Cal. App. (2d) 474 [39 P. (2d) 450].)

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 1, 1942.