[Crim. No. 3785.   Second Dist., Div. One.   May 19, 1944.]

THE PEOPLE, Respondent, v. MARSHALL H. LAMB, Appellant.

Maurice A. Gleason for Appellant.

Robert W. Kenny, Attorney General, and T. G. Negrich, Deputy Attorney General, for Respondent.

WHITE, J.—In an information filed by the District Attorney of Los Angeles County, the defendant was accused of the crime of rape, allegedly committed upon a female of the age of 15 years (Pen. Code, § 261, subd. 1).

On August 3, 1943, the defendant appeared for arraignment without counsel. The public defender was thereupon appointed to represent him, and the arraignment was continued to August 6th. On the last named date, defendant appeared accompanied by his counsel and entered a plea of not guilty. The cause was set for trial for October 8th. Prior to the date of trial, and on September 24th, private

counsel was substituted in the place and stead of the public defender as defendant's attorney.

On the date set for trial, the defendant appeared in court with his counsel and, upon his request, with leave of court, withdrew his plea of "not guilty," and upon his rearraignment interposed a plea of "guilty."

Leave to file an application for probation being granted, hearing thereon was set for October 27th. During the proceedings had at the time defendant changed his plea from "not guilty" to "guilty", the prosecutrix was sworn and testified. Hearing upon the application for probation was continued to November 3d, and upon that date the report of the probation officer was filed. Police Officers Mary Ross and Daniel L. Shay were sworn and testified relative to certain matters contained in the report of the probation officer. Thereupon the application for probation was denied and the defendant was sentenced to imprisonment in the state prison for the term prescribed by law.

Immediately following the pronouncement of judgment, defendant's counsel addressed the court as follows:

"In this matter, if your Honor please, the defendant at this time moves to set aside the judgment heretofore imposed by this Court, and also makes a motion to withdraw his former plea of guilty for the purpose of entering a plea of not guilty. And may I say that the reason I am making application to set aside the guilty plea is that it is my opinion that in order for the Court to pass on the motion to set aside the judgment it is necessary also for me to make that motion."

Both the motion to set aside the judgment and for permission to withdraw the plea of guilty were denied by the court. Defendant's appeal presents the question of the legality of the two orders just mentioned.

Appellant's contention on this appeal is thus stated by him:

"Appellant contends that the court abused its discretion in denying defendant his motions to set aside the judgment and permission to withdraw his plea of guilty and enter a plea of not guilty."

█ As we read appellant's brief we are impressed that he bases his contention that the court abused its discretion solely and alone upon the ground that the court did not grant probation or impose a county jail sentence instead of a term in the state prison. This claim is without merit.

Section 1018 of the Penal Code empowers the court to permit the withdrawal of a plea of guilty *"at any time before judgment"* and substitute therefor a plea of not guilty, but where a defendant, after having pleaded guilty, makes no move for relief therefrom in the interim between the time when he interposes such plea and the date fixed for the pronouncement of judgment, it is mandatory upon the court under section 1191 of the Penal Code to impose judgment.

Undoubtedly, for that reason, it is held that an application made after the imposition of sentence to withdraw a guilty plea ordinarily comes too late, and that in cases where, by reason of the fact that a plea of guilty was obtained by duress, fraud, misrepresentation, or is otherwise void, the motion to withdraw such plea must be supported by documentary or oral evidence, or both, in order to set aside the judgment and authorize the withdrawal of the plea (7 Cal.Jur. p. 1000, § 135). In the instant case, appellant was not influenced by any representations or inducements to enter his plea of guilty, neither was any duress or fraud practiced upon him. His action was free and voluntary, and taken while he was at all times represented by counsel. In *People v. Schwarz,* 201 Cal. 309, 314 [267 P. 71], it is said: "this exceptional remedy applies only where no trial has been had on the merits and only upon a strong and convincing showing of the deprivation of legal rights by extrinsic causes." The case at bar is entirely devoid of any showing that the appellant was in ignorance of his rights or of the consequences of his act in entering a plea of guilty, or that he was unduly or improperly influenced by hope or fear in the making of it. The record in this case presents a situation wherein appellant voluntarily "gambled" on receiving probation or a county jail sentence. Neither the facts nor the procedure herein are at all analogous to the cases of *People v. Schwarz, supra; People v. Fuller,* 133 Cal.App. 772 [24 P.2d 870]; *People v. McGarvy,* 61 Cal.App.2d 557 [142 P.2d 92], wherein relief similar to that here prayed for was sought and granted.

An application to set aside a judgment and permit the withdrawal of a plea of guilty is addressed to the sound discretion of the court, and its ruling thereon will not be dis-

turbed in the absence of a clear and convincing showing of an abuse of such discretion (*People* v. *Moriarity*, 61 Cal.App. 223 [214 P. 485]; *People* v. *Price*, 51 Cal.App.2d 716 [125 P.2d 529]). Where, as in the case with which we are here concerned, appellant had not been imposed upon in any way and fully realized the consequences of his act in pleading guilty, but speculated upon the anticipated clemency of the trial judge, attempting to retract his plea of guilty only when he learned that his expectation in this regard would not be realized, there is no showing whatever of an abuse of discretion, and the action taken by the court must stand.

The orders from which this appeal was taken are, and each of them is, therefore affirmed.

York, P. J., and Doran, J., concurred.