[Crim. No. 4512. Second Dist., Div. Two. Nov. 20, 1950.]

THE PEOPLE, Respondent, v. EDWARD N. GRIFFIN
et al., Appellants.

Morris Lavine for Appellants.

Fred N. Howser, Attorney General, and Elizabeth Miller,
Deputy Attorney General, for Respondent.

WILSON, J.—Defendants pleaded guilty to a charge of
false imprisonment. Each was permitted to file an applica-
tion for probation. Garcia's application was denied and he
was sentenced to prison and committed to the Youth Author-
ity. Two other counts of the information charging kidnap-

ing and assault with intent to commit rape were dismissed as to him.

Griffin and Nostrand moved to withdraw their respective pleas of guilty, which motions were denied. Their applications for probation were denied and each was sentenced to prison and referred to the Youth Authority. The other two counts as to these defendants were ordered off calendar. The three defendants have joined in a notice of appeal from the respective judgments of conviction and in a purported appeal from the order denying their motion to set aside their pleas of guilty and from "any orders made after judgment." Defendant Garcia did not make a motion to withdraw his plea of guilty and the purported appeal from the denial of the motions is therefore not applicable to him.

The orders denying the motions of Griffin and Nostrand for change of plea were made before judgment and are not appealable. (Pen. Code, § 1237; *People* v. *Block,* 134 Cal. App. 217, 218 [25 P.2d 242].) Defendants have not referred to any order made after judgment to which they have taken exception.

When the case was called for trial each defendant was represented by counsel and each requested to withdraw his plea of not guilty as to the charge of false imprisonment and to enter a plea of guilty. The deputy district attorney asked each defendant separately if he desired to enter a plea of guilty, whether he pleaded guilty freely and voluntarily and without any promises of immunity or threats, and if he was pleading guilty because he was guilty. To each of these interrogatories each defendant individually answered in the affirmative.

Before judgment was pronounced, a new attorney for Nostrand and Griffin who had been substituted in the action moved to allow them to withdraw their pleas of guilty for the purpose of entering pleas of not guilty. At the hearing of this application defendants' former attorney testified that they had always denied their guilt to him but he told them that in his judgment they had committed a technical false imprisonment and the best thing for them to do was enter a plea of guilty to that charge. Griffin testified that he had never detained the girl named in the information nor injured her. He admitted that at the time he pleaded guilty he did so freely and voluntarily and without any threats or promises, but he thought it was just a matter of form, did not take it

seriously and did not know he was pleading guilty to a felony; that his former attorney said it would be better for him to plead guilty because he would be tried by the same jury that had tried one Stroble. Nostrand testified that he had never detained the girl named in the information nor injured her; that he was not, in his own mind, guilty of false imprisonment; that he had pleaded guilty because he had been told, by whom he did not say, he would be on probation for two or three months. Defendants' former attorney then testified he had never told them they would be tried by the same jury which had tried Stroble but had merely stated that because of the Stroble case it was an unfortunate time for them to be placed on trial.

 Upon the foregoing evidence the court denied defendants' applications for permission to change their pleas and in so doing did not commit error. While a plea of guilty may be withdrawn for mistake, ignorance, inadvertence or for any other factor overreaching a defendant's free and clear judgment, the fact of such mistake, fraud, duress or overreaching must be established by clear and convincing evidence, and an appellate court may conclude that the motion was properly denied where the defendant acted with knowledge of the facts and on advice of his counsel. (*People* v. *Butler*, 70 Cal.App.2d 553, 561 [161 P.2d 401]; *In re Hough*, 24 Cal.2d 522, 531 ff. [150 P.2d 448]; *People* v. *Gottlieb*, 25 Cal.App.2d 411, 415 [77 P.2d 489].)

There is no claim that any person representing the prosecution had conferred with or had given any advice to defendants. Their own counsel believed they were guilty and advised them to enter such a plea. There is no evidence that they did not use their own judgment and did not act of their own free will. The defendants' assertions that their attorney told them they would be tried by the same jury that had tried the Stroble case is denied by the attorney, and since the court acted on conflicting evidence we cannot interfere.

Since there is no evidence of duress, fraud, threats, promises or other facts overreaching the free will and judgment of the defendants the cases cited by them, *People* v. *Schwarz*, 201 Cal. 309 [257 P. 71], and *People* v. *Grant*, 97 Cal.App. 60 [274 P. 1005, 275 P. 838], are not applicable. In the Grant case defendant was induced to enter a plea of guilty upon advice of his counsel, in the presence and by ostensible authority of a representative of the district attorney's office,

that the sentence would be "from One Dollar up." The admitted facts established that Grant was not guilty or at most was guilty of only a technical offense not justifying imprisonment in the state prison. Furthermore, the trial court had imposed sentence without any evidence as to the gravity of the offense actually committed. The Schwarz case is likewise not in point.

There is nothing in the record justifying defendants' contention that the court's refusal to grant their motions for the withdrawal of their pleas of guilty denied them due process of law guaranteed by the Fourteenth Amendment to the federal Constitution.

Judgment affirmed as to each defendant. The purported appeals from the order denying motions to set aside pleas of guilty and from "orders made after judgment" are dismissed.

Moore, P. J., and McComb, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 18, 1950.