[Crim. No. 2312.   Third Dist.   Dec. 6, 1951.]

THE PEOPLE, Respondent, v. SIMPSON L. TIDWELL, Appellant.

Frank Damrell for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier and Wallace G. Colthurst, Deputy Attorneys General, for Respondent.

ADAMS, P. J.—Defendant, who at the time of his arrest was the pastor of a church in Long Beach, pleaded guilty to a charge of statutory rape of a 17-year-old girl, Patsy, who was, at the time of the commission of the offense, a member of the church of which defendant was then pastor in Turlock. The arrest was made on Friday evening, November 24, 1950, at which time defendant was taken to the Los Angeles jail where he was interviewed and then detained overnight. At that time he first denied the charge, but a few minutes later admitted that he had had sexual intercourse with Patsy on several occasions. The next morning he telephoned his wife at Long Beach, told her he was being taken to Modesto, that she was not to come up there, but should send him a toothbrush and $10. The next day he was taken to Modesto in an automobile by the sheriff of Stanislaus County, accompanied by a Mr. Thompson who was an investigator for the district attorney's office. On the way north defendant discussed his case with Thompson, and requested the latter to get in touch with defendant's wife and tell her not to employ an attorney. At that time defendant asked Thompson what the probabilities were if he pleaded guilty, and was told that there was better than a 50-50 chance that he would go to San Quentin.

The following morning Thompson interviewed defendant again at which time the latter expressed the belief that he should get an attorney and was told that if he wanted one Thompson would call whomever he named. Defendant then said he wanted to pray, and, after being left alone, said he had ''consulted with his God'' and felt better. The following morning defendant stated that he wanted to plead guilty, to avoid embarrassment to the girl, and get it over with. On Monday afternoon defendant was taken to Ceres where, before a justice of the peace, the charge was read to him, he was advised that he was entitled to an attorney, an extension of time to get one if he desired, and process for witnesses. Defendant stated he desired to take the stand that day, and was admonished that any testimony he might give there would be held against him in case he was held over. Tidwell was then sworn and admitted having intercourse with the girl. He was bound over, after which he was returned to Modesto, and during the ride stated that he wanted Thompson to get in touch with his wife, tell her not to get an attorney because ''I am guilty and I want to get it over with.''

The following morning defendant was arraigned in the

superior court at which time he was advised by the court that he was entitled to counsel, that if he had no means to employ one the court would grant further time, and would appoint an attorney to represent him. Defendant stated that he did not want a lawyer, and entered a plea of guilty. Probation was requested, and a report ordered. On January 15th the court convened to consider probation. Defendant then had counsel who made a motion to allow him to change his plea from guilty to not guilty. On January 23d and 24th testimony was taken on appellant's motion to change plea, and on an additional motion in arrest of judgment. At the conclusion of the hearing both motions were denied, and, on January 25, 1951, the court denied probation, rendered judgment and sentenced defendant to imprisonment in the state prison for the term prescribed by law, said judgment being entered January 30, 1951.

This appeal was taken on January 25, 1951, from "the order denying defendant's motions to withdraw his plea of guilty and enter a plea of not guilty, and for arrest of judgment, and to set aside the judgment of conviction entered in said Superior Court January 25, 1951; and from the whole thereof."

It is conceded by appellant in his brief that his motions to set aside his plea and for arrest of judgment were interposed before judgment, and that only after the denial of same was he sentenced. ■ Orders denying motions for change of plea, or denying motions for arrest of judgment, or to vacate a judgment of conviction, are not appealable. See *People* v. *Morgan,* 9 Cal.App.2d 612, 617 [50 P.2d 1051]; *People* v. *Price,* 51 Cal.App.2d 716, 718 [125 P.2d 529]; *People* v. *Dabner,* 153 Cal. 398, 399 [95 P. 880]; *People* v. *Shaffer,* 130 Cal.App. 749 [20 P.2d 345]; *People* v. *Ramey,* 135 Cal.App. 573, 579 [27 P.2d 941]; *People* v. *Block,* 134 Cal.App. 217, 218 [25 P.2d 242]; *People* v. *Vivian,* 46 Cal. App.2d 163, 166 [115 P.2d 559]; *People* v. *Brown,* 71 Cal. App.2d 669, 676 [163 P.2d 85]; *People* v. *Montgomery,* 51 Cal.App.2d 444, 446 [125 P.2d 108]. In his briefs appellant argues only that the court erred in denying his motions for change of plea and for arrest of judgment. And as for his asserted motion to "set aside the judgment of conviction entered in said Superior Court January 25, 1951, and from the whole thereof," the record contains no such motion.

It is doubtful from defendant's notice of appeal whether he has brought himself within the provisions of Penal Code,

section 1237, which prescribes the grounds of an appeal in a criminal case. But giving extreme latitude to the words in his notice of appeal, "and from the whole thereof," and assuming that appellant intended thereby to appeal from the final judgment of conviction, we have given consideration to his argument but find no ground for reversal.

A defendant desiring to change his plea must show good cause therefor; and the granting of such an application is a matter within the sound discretion of the trial judge, whose decision will not be disturbed on appeal except for an abuse of discretion. (*People* v. *Morgan, supra,* at p. 615; *People* v. *Dabner, supra,* at p. 403; *People* v. *Price, supra,* at p. 718.)

No abuse of discretion is shown in this case. While appellant asserts that he was not accorded the benefit of counsel, but was prevailed upon by Mr. Thompson not to get counsel, and was taken advantage of by hurried proceedings, the record contains ample denials of any statements of Thompson which can be said to constitute inducements to defendant to plead guilty, or not to secure counsel. Both the committing magistrate and the judge of the superior court advised him fully as to his rights to counsel, to an extension of time to secure same, and he was advised that if he was unable to employ an attorney one would be appointed to represent him. And no undue haste is indicated by either the court or the district attorney. Defendant was arrested on a Friday evening, and it was not until the following Monday that he was brought into the justice's court, after he had, as he said, "consulted with his God," made several admissions of his guilt, and expressed a desire to "get it over with."

This defendant was by no means an ignorant defendant, but, on the contrary, was a pastor of a church and had been such for many years. He was 43 years old, and, according to the report of the probation officer, which report defendant's counsel introduced in evidence, he claimed to be a graduate of Hardin Simmons College and is a man of "undoubtedly above average intelligence"; and he admitted to such officer that his illicit relationship with the girl Patsy had continued over a period of years.

We are satisfied that the trial court did not abuse its discretion in denying defendant's motion. (*In re Jingles,* 27 Cal.2d 496, 499 [165 P.2d 12] ; *In re Tedford,* 31 Cal.2d 693, 695 [192 P.2d 3] ; *People* v. *Smink,* 105 Cal.App. 784, 795

[288 P. 873] ; *People* v. *Brahm*, 98 Cal.App. 733, 735-736 [277 P. 896].)

The appeals from the orders denying the motions made by appellant are dismissed as nonappealable, and the judgment is affirmed.

Peek, J., and Van Dyke, J., concurred.