[Crim. No. 2416. Third Dist. May 28, 1953.]

THE PEOPLE, Respondent, v. DEE WILLIE BURKETT, Appellant.

Robert M. Cole for Appellant.

Edmund G. Brown, Attorney General, and Gail A. Strader, Deputy Attorney General, for Respondent.

SCHOTTKY, J.—By an information filed by the district attorney of Yolo County, appellant, Dee Willie Burkett, and his brother, Earl H. Burkett, were charged with two counts: Count One, forcible rape, and Count Two, intent to commit rape. On August 22, 1952, a preliminary examination was held and both defendants were held to answer. On September 2, 1952, the defendants were arraigned in the superior court and each entered a plea of not guilty and demanded a trial by jury.

On September 22, 1952, the said defendants and their counsel appeared in court, and defendant and appellant, Dee Willie Burkett, through his attorney, made application for permission to withdraw his plea of not guilty to Count One for the purpose of entering a plea of guilty to said Count One. The court, after questioning the appellant, granted the

application and set aside the appellant's plea of not guilty. On motion of the attorney for appellant, with the consent of the district attorney, Count Two of the information was dismissed as to appellant. Appellant was then rearraigned on Count One and entered a plea of guilty to the crime of rape. Thereupon on motion of the district attorney the court ordered Counts One and Two of the information dismissed as to defendant Earl H. Burkett.

On October 13, 1952, appellant's present counsel was substituted as counsel for appellant, and filed a motion to allow appellant to withdraw his plea of guilty and enter a plea of not guilty. On October 20, 1952, a hearing was had upon this motion, and also for the purpose of considering appellant's application for probation and the passing of judgment and sentence upon appellant. The court denied the motion to set aside the appellant's plea of guilty and also denied appellant's application for probation. Judgment was pronounced and appellant was sentenced to imprisonment in the state prison. This appeal is from said judgment.

Appellant's sole ground of appeal is that the trial court abused its discretion in refusing to grant appellant's motion to withdraw his plea of guilty and enter a plea of not guilty.

Section 1018 of the Penal Code provides in part as follows:

". . . On application of the defendant at any time before judgment the court may, and in case of a defendant who appeared without counsel at the time of the plea the court must, for good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted. . . .

"This section shall be liberally construed to effect these objects and to promote justice."

In *People* v. *Tidwell,* 108 Cal.App.2d 60 [238 P.2d 21], this court said at page 63:

"A defendant desiring to change his plea must show good cause therefor; and the granting of such an application is a matter within the sound discretion of the trial judge, whose decision will not be disturbed on appeal except for an abuse of discretion. (*People* v. *Morgan, supra* [9 Cal.App.2d 612, (50 P.2d 1061)], at p. 615; *People* v. *Dabner, supra* [153 Cal. .398 (95 P. 880)], at p. 403; *People* v. *Price, supra* [51 Cal. App.2d 716 (125 P.2d 529)], at p. 718."

In *People* v. *Griffin,* 100 Cal.App.2d 546, the court said, at page 548 [224 P.2d 47]:

". . . While a plea of guilty may be withdrawn for mistake, ignorance, inadvertence or for any other factor over-

reaching a defendant's free and clear judgment, the fact of such mistake, fraud, duress or overreaching must be established by clear and convincing evidence, and an appellate court may conclude that the motion was properly denied where the defendant acted with knowledge of the facts and on advice of his counsel. (*People* v. *Butler*, 70 Cal.App.2d 553, 561 [161 P.2d 401]; *In re Hough*, 24 Cal.2d 522, 531 ff. [150 P.2d 448]; *People* v. *Gottlieb*, 25 Cal.App.2d 411, 415 [77 P.2d 489].)

. . . . . . . . . . . .

"Since there is no evidence of duress, fraud, threats, promises or other facts overreaching the free will and judgment of the defendants the cases cited by them, *People* v. *Schwarz*, 201 Cal. 309 [257 P. 71], and *People* v. *Grant*, 97 Cal.App. 60 [274 P. 1005, 275 P. 838], are not applicable."

In *People* v. *Outcault*, 90 Cal.App.2d 25, the court said at pages 29-30 [202 P.2d 602]:

". . . The plea of guilty constitutes an admission of every element entering into the offense charged, and constitutes a conclusive admission of defendant's guilt. (*People* v. *Brown*, *supra* [140 Cal.App. 616 (36 P.2d 194)].)

"A motion to withdraw a plea of guilty, pursuant to the provisions of section 1018 of the Penal Code, is addressed to the sound discretion of the trial court, and in considering such a motion the doctrines of 'presumptive innocence' and 'proof beyond a reasonable doubt' are inapplicable, since defendant has already admitted his guilt by his plea of guilty. This was the question before the trial court: Was the plea of guilty entered because of (a) duress, (b) fraud, (c) other forces overreaching the free will of defendant, or (d) was there a strong and convincing showing that defendant has been deprived of any legal right by an extrinsic cause? (*People* v. *Gottlieb*, 25 Cal.App.2d 411, 415 [77 P.2d 489]; *People* v. *Lamb*, 64 Cal.App.2d 409, 411 [148 P.2d 873]; *People* v. *Price*, 51 Cal.App.2d 716, 718 [125 P.2d 529].)"

Applying the foregoing legal principles of law to the facts of the instant case we find that appellant and his brother were charged with the crime of rape and also the crime of intent to commit rape. They were represented by counsel at the preliminary examination and were held to answer. Upon being arraigned in the superior court and while represented by counsel they entered pleas of not guilty. Three weeks later appellant appeared in court with his counsel

and made application for permission to withdraw his plea of not guilty to Count One, the charge of rape, and to enter a plea of guilty thereto. The court, before granting the application, questioned appellant and advised him as to just what he was doing in withdrawing his plea of not guilty and entering a plea of guilty. Count Two against appellant was then dismissed and both counts were dismissed as to his brother, Earl H. Burkett. Then three weeks later a new counsel was substituted for appellant and filed a motion to withdraw appellant's plea of guilty. In support of such motion is appellant's affidavit that he pleaded guilty by mistake and under duress; that he is not guilty of the crime of rape; that he pleaded guilty under the mistaken belief that it was necessary for him to do so in order to have the charges against his brother dismissed; that his former attorney was so informed by the district attorney of Yolo County.

The motion was heard before the same trial judge who granted appellant's application to withdraw his plea of guilty. Appellant testified at said hearing that he had had no sexual relations with the complaining witness; that he changed his plea to guilty because "they told me if I would plead guilty my brother would be cut loose"; that when he pleaded guilty he thought he was pleading guilty to statutory rape; that he could not read or write.

. Counsel for appellant referred to the transcript of the testimony at the preliminary examination and called the attention of the court to certain portions thereof, contending that the prosecutrix' testimony was beyond reasonable credulity. The transcript itself was not introduced in evidence but it was referred to throughout the hearing and was before the court, and it is included in the reporter's transcript on this appeal. The transcript of the testimony at the preliminary examination shows that the prosecutrix testified at some length and that her testimony was to the effect that appellant forcibly accomplished an act of sexual intercourse with her, and that his brother Earl H. Burkett attempted by force to accomplish an act of sexual intercourse with her but was unsuccessful. A reading of the testimony given at the preliminary examination reveals nothing inherently improbable about the testimony.

The court, before denying appellant's application to withdraw his plea of guilty, stated:

"I don't just follow the basis for the motion here. The defendant has testified, of course, that he is illiterate, and

so forth. That is neither here nor there. But he was represented by counsel. As I recall now, they hired him. This very case came before me on motion for permission to withdraw plea of not guilty and enter a plea of guilty. I think I was presiding here at that time some month or so ago. He says here, today, on the stand, that he thought he was pleading guilty to statutory rape. Of course, there is a little difference in punishment between statutory rape and rape by force and violence; and that he did it primarily for the sake of helping his brother, who, I presume, he understood that the action would be dismissed as to him; but this defendant admitted the offense, himself. Now, having, may we say, gained certain concessions there, and come back into Court today and say that he thought he was pleading guilty to statutory rape in one breath, and, in the next breath, say he didn't have, never had had any intercourse with the complaining witness, doesn't seem to match up here, you know. It is a kind of a weak alibi, if it may be so expressed. I am satisfied that the record will bear me out that the Court fully advised him of the situation when he was withdrawing his plea from not guilty and entering a plea of guilty, at the time. I don't know; the Court Reporter probably has the notes on that; and he was represented by counsel and presumably did it knowingly and unconditionally; and, having done so, I feel that the Court, under the circumstances, would not be justified in backing up again and trying this case after the record appears as it does appear.''

By the terms of section 1018 of the Penal Code hereinbefore quoted, the court may, for good cause shown, permit a plea of guilty to be withdrawn. Whether or not there is such a showing, and whether or not permission to withdraw the plea should be granted, is a question solely within the sound discretion of the trial judge, to be decided by him upon the facts of the particular matter before him. While a plea of guilty may be withdrawn for mistake, ignorance, inadvertence or for any other factor overreaching a defendant's free and clear judgment, the fact of such mistake must be established by clear and convincing evidence before an appellate court may conclude that the defendant acted with knowledge of the facts and on the advice of his counsel.

 In 7 California Jurisprudence, Criminal Law, section 136, page 1000, it is stated:

''Whether to allow the withdrawal of a plea of guilty, under section 1018 of the Penal Code, is a matter within the

sound discretion of the trial court, and its action must be upheld unless an abuse of discretion is clearly shown. A court should be indulgent in permitting the substitution of a plea of not guilty where it properly appears that the plea of guilty was ignorantly induced, or was made through advertence or without due deliberation or was made through motives of hope or fear unduly and improperly operating upon the defendant's volition. But the mere fact that the defendant, knowing his rights and the consequences of his act, entered the plea under a hope of leniency presents no ground for the exercise of the discretion of the court.''

While it is true that the discretion vested in the trial court by section 1018 of the Penal Code should be liberally exercised, and that permission to withdraw a plea of guilty should be granted if it fairly appears that the defendant was in ignorance of his rights and the consequences of his act or was unduly and improperly influenced by hope or fear in the making of it (*People* v. *Miller*, 114 Cal. 10 [45 P. 986]), we do not believe that appellant's showing in the instant case is such as to justify us in holding that the trial court abused its discretion in denying appellant's motion. Even though appellant was uneducated, it appears that he was 24 years old and had the advice of counsel at all stages of the proceedings. At the time the plea of not guilty was withdrawn the court advised him as to what he was doing. His statement that he thought he was pleading guilty to statutory rape is difficult to believe when he must have heard the prosecutrix testify at the preliminary examination that she was 18 years old. Then after making that statement he testified that he never had sexual relations with the prosecutrix. It is significant also that there was no affidavit or testimony by his former counsel that his plea was elicited by any promises. There is no evidence in the record that would justify, much less compel, the conclusion that appellant in withdrawing his plea of not guilty and entering a plea of guilty was either ignorant of his rights and the consequences of his act or was unduly influenced by fraud, hope or fear.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.