[Crim. No. 5031.   Second Dist., Div. Two.   Oct. 30, 1953.]

THE PEOPLE, Respondent, v. FRANCIS V. BROADY, Appellant.

William J. F. Brown and Lowell Lyons for Appellant.

Edmund G. Brown, Attorney General, and James D. Loebl, Deputy Attorney General, for Respondent.

FOX, J.—Defendant was charged in three counts with violating section 288 of the Penal Code. Initially, he entered a plea of not guilty. Thereafter, on September 18, 1952, by leave of court and with his counsel present, defendant withdrew his plea of not guilty as to count I and entered a plea of guilty. On October 10, 1952, after considering the doctors' reports filed pursuant to section 5505 of the Welfare and Institutions Code, the court found defendant to be a sexual psychopath as defined in section 5500 of the Welfare and Institutions Code, and ordered him committed to the Norwalk State Hospital for a period of 90 days for observation and diagnosis under section 5512 of the Welfare and Institutions Code. Defendant having been returned to court following this 90-day observation period was again found to be a sexual psycopath, and it was also found he would not benefit from further treatment in a state hospital. Having changed counsel, on March 9, 1953 defendant moved to vacate his previous plea of guilty to count I and also made a motion for a new trial. These motions were denied as was his application for probation and he was sentenced to the state prison. Defendant, on March 12th, appealed from the judgment and sentence and from the order denying his motion for a new trial, and also from the order denying his motion to vacate his plea of guilty.

■ There is no appeal from a sentence. (*People* v. *Ray,* 13 Cal.App. 2d 701, 703 [57 P.2d 975].) ■ There is likewise no appeal from an order denying a motion made before judgment to set aside a plea of guilty (Pen. Code, § 1237), but such an order may be reviewed on the appeal from the judgment. (*People* v. *Morgan,* 9 Cal.App.2d 612, 617 [50 P.2d 1061].) These purported appeals must, therefore, be dismissed.

Defendant seeks a reversal of the judgment on the theory that he did not fully comprehend the effect of changing his plea from not guilty to guilty, and in support thereof relies on the fact that the court found him to be a sexual psycopath.

■ Although defendant was adjudged a sexual psycopath this does not mean he was insane or incapable of understanding the nature of the proceedings or the consequences of

his change of plea. (*In re Keddy,* 105 Cal.App.2d 215, 218 [233 P.2d 159]; *People* v. *Tipton,* 90 Cal.App.2d 103, 104 [202 P.2d 330].) No other facts were presented by defendant in support of this contention. ■ Defendant was, however, represented by counsel when the request was made to change his plea. He personally stated this was his desire and that no one had made any promise to him of any kind. The defendant was before the court a number of times during these proceedings and the court had an opportunity to see him and to observe how he reacted to the proceedings and the questions that were asked him. The court also had the benefit of several psychiatric reports on the defendant. In this connection it is to be noted that a period of almost six months elapsed between defendant's change of plea and his request to have it vacated.

■ A defendant who desires to have his plea of guilty set aside must show good cause therefor. The granting or denial of such an application is a matter resting in the sound discretion of the trial judge whose decision will not be disturbed on appeal in the absence of an abuse thereof. (*People* v. *Tidwell,* 108 Cal.App.2d 60, 63 [238 P.2d 21]; *People* v. *Price,* 51 Cal.App.2d 716, 718 [125 P.2d 529]; *People* v. *Griffin,* 100 Cal.App.2d 546 [224 P.2d 47].) ■ There is no abuse of discretion here shown.

Defendant complains that he did not have a jury trial on the question of his sexual psycopathy, pursuant to section 5512.5, Welfare and Institutions Code. The answer to this contention is simple. No suggestion or request for a jury trial on that issue was made until March 18, 1953, on which date it was also denied. There is nothing in the record to show that the defendant appealed from the order denying this demand. It certainly cannot be raised on the appeal from the judgment, because that appeal was taken on March 12, 1953, six days before this demand or order was ever made.

The purported appeals from the sentence and from the order denying motion to set aside the plea of guilty are dismissed. The judgment and the order denying the motion for a new trial are affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 25, 1953.