[Crim. No. 5071. Second Dist., Div. Two. Feb. 18, 1954.]

THE PEOPLE, Respondent, v. OGDEN PAUL COOPER, Appellant.

Lowell Lyons for Appellant.

Edmund G. Brown, Attorney General, and James D. Loebl, Deputy Attorney General, for Respondent.

MOORE, P. J.—Appellant was accused in six counts of having violated section 288 of the Penal Code. Three of the offenses occurred in July, 1951; three in the following August. He was arraigned on September 18th, pleaded not guilty, and his trial was set for October 23. On the latter date he appeared with his counsel, and with leave of the court withdrew his plea of not guilty and pleaded "guilty as charged in Count 6." Before accepting such plea, however, the court closely examined him as to whether his change of plea was his own act; whether he so pleaded voluntarily; whether anyone had held out a promise of a lesser sentence or any other advantage for pleading guilty. As to such inquiries, appellant assured the court that he was pleading guilty because he

was guilty. The hearing on his application for probation was set for November 8, and his counsel was then directed promptly to file the preliminary transcript with the probation officer. Also, a hearing as to the matter of his sexual psychopathy was set for November 15 and two physicians were appointed to examine the accused, and the disposition of the other five counts went over to a later date. Both doctors found appellant to be a sexual psychopath and no evidence having been submitted on behalf of the prisoner, on November 15 the court found in accordance with the expert testimony and committed the accused to the State Hospital at Norwalk for an indeterminate period not exceeding 90 days.

On February 21, 1952, appellant was returned by the hospital with a diagnosis as a sexual psychopath and was then, on the findings of the same two physicians, recommitted. He was returned on May 1, 1953, with the superintendent's certification that the patient was no longer a menace to the health and safety of others and had received the maximum benefit of hospitalization, and the court set the date for the hearing on application for probation. After reviewing the judicial events pertaining to appellant from the time of his arraignment, the court denied probation, and after hearing the argument of appellant's counsel, sentenced appellant to the state prison for the term prescribed by law, and dismissed the other counts. Prior to pronouncement of sentence, appellant's counsel requested leave for appellant to speak. This request was denied. From the ensuing judgment comes this appeal.

Demand is made for reversal upon the grounds about to be stated and denied for the reasons explained. Appellant alleges he was denied due process of law in that the court refused "him a right to change his plea of 'guilty' to 'not guilty.'" He made no such motion, unless he considers his request to speak following the denial of probation such a plea. Even if it be assumed that a motion was made, there was ample justification for its denial. He was attended by his counsel when he changed his plea to "guilty." He was catechised by the deputy district attorney in the presence of the court as to his reasons, and he assured the court he did so because he was guilty and that he made the change voluntarily. While the granting of such a request rests in the sound discretion of the court (*People* v. *Broady*, 120 Cal. App.2d 901, 902 [262 P.2d 669]) there was no showing made

by appellant that would have justified a reopening of the case for a contest. The action had been pending after a plea of guilty for over a year. The idea of reopening it was not suggested until the application for probation had been denied. This is not sufficient. Proof must overcome the act of appellant in pleading guilty under the guidance of his own attorney. Such a plea is an admission of every element of the offense charged, and constitutes a conclusive admission of defendant's guilt. (*Ibid*; *People* v. *Tidwell*, 108 Cal.App.2d 60, 63 [238 P.2d 21]; *People* v. *Griffin*, 100 Cal.App.2d 546, 548 [224 P.2d 47]; *People* v. *Butler*, 70 Cal.App.2d 553, 561 [161 P.2d 401]; *People* v. *Brown*, 140 Cal.App. 616 [36 P.2d 194].)

 While a plea of guilty may be withdrawn pursuant to Penal Code section 1018 by reason of the mistake, ignorance, inadvertence or any factor that overcame the defendant's exercise of a free judgment, the basis of the motion for relief "must be established by clear and convincing evidence." Moreover, the reviewing court is justified in concluding that the motion was properly denied when it is shown that the accused "acted with knowledge of the facts and on advice of his counsel." In any event, the granting of such a motion rests in the sound discretion of the court. (*Ibid.*) No satisfactory showing for a change of plea was made herein.

Appellant misconceives his status resulting from the finding, after he had pleaded guilty, that he was a sexual psychopath. When did the Legislature enact a statute, or an appellate court hold to the effect that a person should be absolved of his crime because he was weak, or ill, or diseased when he committed it? Despite his weakness at the time of his crime, a culprit is liable for his act. His sexual psychopathy does not mean that such a convict had no understanding of the nature of his act or of the significance of his pleading guilty to it or of the consequences of his change of plea. (*People* v. *Broady, supra.*) In open court under advice of his counsel, he personally stated his desire to change his plea to guilty and he was emphatic that he had not been induced by any agency outside his own mind. By reason of his frequent appearances in court and of the availability to the judge of the psychiatric reports, the nature of his intelligence and the degree of its sanity were known prior to the hearing on his application for probation. Those factors did not warrant a different decision.

There is no basis for the claim that the court abused its discretion in denying him probation. ▮▮ While such an order is consonant with the tendency of California's modern trend in the field of criminal law, it is still an act of grace and clemency (*People* v. *Hainline,* 219 Cal. 532 [28 P.2d 16]) and is properly denied where the conduct of the convict was such as to indicate a depravity that requires the exercise of restraint and discipline as means of improving the offender. No man, after repeatedly violating the common precepts and practices of decency and of ordinary morality is, after apprehension, entitled to be turned loose to prey upon the society that sustains his body with bread and his heart with human fellowship. He must first satisfy the state that he deserves to be restored to his natural freedom.

The claim that a prisoner convicted of a vicious crime should be restored to full liberty because he is diseased has no foundation in the law. Every criminal can truly say that he inherited tendencies to crime, or suffers from glandular ills, or by reason of bodily disease his mind no longer functions clearly and his power to form a judgment has been impaired. But any such victim is not necessarily by reason of his abnormality to be exempted from penalties provided by statute for his crime. He must strive to be fit for society and where his behavior suggests the remedial measures of incarceration and prison discipline he has no such right as requires a court to release him on probation. ▮▮ The act of granting probation is vested in the sound discretion of the court which will not be disturbed except upon convincing proof that it was abused. (*People* v. *Wahrmund,* 91 Cal.App.2d 258, 262 [206 P.2d 56].) There was no such showing made by appellant. On the contrary, one of the psychiatrists opined that he should not have probation.

The contention that appellant was unjustly denied a new trial is sheer folly. He made no motion for a new trial in the ordinary acceptation of that phrase. But, proceeding upon the assumption that a protest at being denied probation is equivalent to such motion, there is no reasonable basis for his present contention. With legal advice, with open mind, with freedom of choice, he adopted his own course. After having freely declared his guilt in unequivocal terms he cooperated with the court thereafter on every program until probation was denied. His plea was his trial; nothing more was requisite; he was then ready for sentence. It was fairly

conducted. Having determined his own doom by his own voice with advice of counsel, he had no right to demand that the lawyer who had faithfully and intelligently served him be shoved aside in order to have the court listen to the prattle of a disappointed convict. He had no innate right to argue the merits of his motion for probation. ▉ The amount of such argument allowable in all cases rests in the sound discretion of the court. Defendant's attorney had presented the reasons for his motion with clarity and had responded to the comments of the trial judge. If an experienced advocate cannot rock a judge's decision on the pertinent issues presented by a motion for probation, what could be expected of the unfortunate prisoner who had spent no time consorting with philosophers, scientists or moralists or in solving legalistic problems? Appellant received a fair and generous treatment by the court and is entitled to nothing more than that which he will receive at the hands of the agency established for the care of the unfortunate who come under its care.

Judgment affirmed.

McComb, J., and Fox, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 17, 1954.