[Crim. No. 5292.   Second Dist., Div. One.   Feb. 1, 1955.]

THE PEOPLE, Respondent, v. GEORGE FREDERICK ALEXANDER et al., Defendants; ROY JAMES HUNT, Appellant.

Ernest Best for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

DRAPEAU, J.—In an information containing two counts, defendant Hunt and two others were charged with kidnaping and forcible rape, respectively.

Upon arraignment time to plead was continued to a later date. On that day, the three defendants entered pleas of "not guilty" and date for trial was set. On the trial date on motion of defendants, count II of the information was amended to charge statutory rape. Each defendant then withdrew his plea of "not guilty" and entered a plea of "guilty as charged in Count 2 of Information A, as amended." The cause of each defendant was referred to the probation department for report and hearing thereon set for August 11, 1954.

On that date present counsel of record was substituted into the case for defendant Hunt. The motion of said defendant for change of plea was denied; probation was denied, and he was sentenced to state prison as to count II. Count I was dismissed.

Defendant Hunt here appeals from the judgment of conviction and from the denial of his motion to set aside his plea of guilty. He urges error by the trial court in denying such motion.

"A defendant who desires to have his plea of guilty set aside must show good cause therefor. The granting or denial of such an application is a matter resting in the sound discretion of the trial judge whose decision will not be disturbed on appeal in the absence of an abuse thereof. (*People* v. *Tidwell*, 108 Cal.App.2d 60, 63 [238 P. 2d 21]; *People* v. *Price*, 51 Cal.App.2d 716, 718 [125 P.2d 529]; *People* v. *Grif-*

*fin,* 100 Cal.App.2d 546 [224 P.2d 47].)'' *People* v. *Broady,* 120 Cal.App.2d 901, 903 [262 P.2d 669].

Also, as stated in *People* v. *Cooper,* 123 Cal.App.2d 353, 355, 356 [266 P.2d 566] : ''He (defendant) was attended by his counsel when he changed his plea to 'guilty.' He was catechised by the deputy district attorney in the presence of the court as to his reasons, and he assured the court he did so because he was guilty and that he made the change voluntarily. . . . Such a plea is an admission of every element of the offense charged, and constitutes a conclusive admission of defendant's guilt. (*Ibid; People* v. *Tidwell,* 108 Cal.App. 2d 60, 63 [238 P.2d 21] ; *People* v. *Griffin,* 100 Cal.App.2d 546, 548 [224 P.2d 47] ; *People* v. *Butler,* 70 Cal.App.2d 553, 561 [161 P.2d 401] ; *People* v. *Brown,* 140 Cal.App. 616 [36 P.2d 194].)

''While a plea of guilty may be withdrawn pursuant to Penal Code section 1018 by reason of the mistake, ignorance, inadvertence or any factor that overcame the defendant's exercise of a free judgment, the basis of the motion for relief 'must be established by clear and convincing evidence.' Moreover, the reviewing court is justified in concluding that the motion was properly denied where it is shown that the accused 'acted with knowledge of the facts and on advice of his counsel.' In any event, the granting of such a motion rests in the sound discretion of the court. (*Ibid.*)''

The record discloses the following proceeding at the time appellant changed his plea from ''not guilty'' to ''guilty'':

''Mr. Gerecht: The defendant, Roy James Hunt, requests permission to withdraw his plea to Count II of the Information and plead guilty.

''The Court: That is your desire, Mr. Hunt?

''Defendant Hunt: Yes.

''The Court: If I were to ask you the same questions that I asked your first co-defendant, you would answer in the same way?

''Defendant Hunt: Yes.

''The Court: You are doing this freely and willingly?

''Defendant Hunt: Yes.

''The Court: No one has made you any promise about probation, have they?

''Defendant Hunt: No.

''The Court: Leave is granted. The plea heretofore entered is withdrawn. . . .

"Mr. Howard (Deputy District Attorney): Roy James Hunt, is that your true name?

"Defendant Hunt: Yes, sir.

"Mr. Howard: In Information No. 164325-A, as amended, Count II, you are charged with a felony, that of statutory rape. To that charge, how do you plead?

"Defendant Hunt: Guilty.

"The Court: All right, probation and sentence August 11, 1954 at 9:30 A.M. The Defendant is remanded."

The questions asked of appellant's first codefendant and his answers thereto, above referred to by the trial court, are the following:

"Q. By the Court: You have talked this over very carefully and fully with your counsel and decided to withdraw your plea of not guilty and plead guilty to the statutory rape charge? A. Yes, sir.

"Q. No one has made you any promise about any sentence or probation? A. No.

"Q. You fully realize what you are doing? A. Yes."

In the circumstances presented, no abuse of discretion appears on the part of the trial court in denying appellant's motion to set aside his plea of guilty.

■ The order denying the motion of appellant for a change of plea having been made before judgment may be reviewed on an appeal therefrom. It is not an appealable order. (*People* v. *Ottenstror*, 127 Cal.App.2d 105, 111 [273 P.2d 289].)

The attempted appeal from the order denying appellant's motion to set aside his plea of guilty is dismissed. The judgment is affirmed.

White, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 3, 1955.