Filed 2/21/25  P. v. McCurdy CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN DAVID McCURDY,<br><br>       Defendant and Appellant. | A171097<br><br>(Napa County<br>Super. Ct. No. 23CR001320) |

Jonathan David McCurdy appeals from his sentence of 11 years in state prison.  McCurdy pled no contest to assault with a firearm on a peace officer, first degree residential burglary, and discharge of a firearm with gross negligence.  McCurdy made a motion to withdraw his plea which was denied by the trial court.  McCurdy was sentenced to the agreed sentence that is reflected in the *Tahl*[1] waiver.

McCurdy's counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) asking the court to review the record for possible error.  Appellate counsel identified matters which could support the appeal, in accordance with *Anders v. California* (1967) 386 U.S. 738.

---

[1] (*In re Tahl* (1969) 1 Cal.3d 122, overruled on other grounds in *Mills v. Municipal Court* (1973) 10 Cal.3d 288, 291.)

1

McCurdy's counsel informed McCurdy that he could file a statement of issues within 30 days of the filing of the *Wende* brief or by January 30, 2025. Nothing was filed by McCurdy.

Finding no arguable issues, we will affirm.

## I. BACKGROUND

### A. Factual

On June 21, 2023, a witness reported to the Napa County Sheriff's Department that there was a male subject at his neighbor's home holding a hammer and stating that he had done "bad things." Patrol units responded to the residence in Napa County. The witness told law enforcement that the owner of the residence was away, no one was supposed to be at the residence, and he "believed [McCurdy] was still inside."

Deputies noticed the home had a broken window. Announcements were made for McCurdy to come out. McCurdy "cracked open the front door and spoke incoherently to [a deputy]. He refused to follow commands, would not show his hands, and would not come out of the residence."

Deputies heard an audible bang near the door, and McCurdy slammed the door closed. About 20 seconds later, they heard an additional muffled bang from inside. After a while, McCurdy resumed speaking to deputies, but he would not come out of the house, and told the deputies they would have to shoot him to get him out. McCurdy was ordered out of the house and advised that force would be used. A police dog was deployed into the residence. Eventually, a deputy deployed a munition and broke a window on the north side of the house, and another munition into the room where McCurdy was hiding. Shortly thereafter,

McCurdy slowly opened the door leading to the kitchen. He was ordered to show his hands and follow orders; he complied.

Upon a search of the home, a revolver was found submerged in a toilet "inside [a] bathroom McCurdy had been barricaded in." A bullet hole was found in the front door and an apparent bullet hole in the rear bedroom window. "It was determined that the loud bangs heard earlier were gunshots directed from the interior of the residence out towards several deputies on the perimeter."

## B. Procedural

On June 23, 2023, McCurdy was charged with a felony complaint in the Napa Superior Court charging him with 10 felony counts: counts one and two, assault with a firearm on a peace officer (Pen. Code,[2] § 245, subd. (d)(1)) with allegations of firearm use (§§ 12022.53, subd. (b), 12022.5, subds. (a) & (d)); count three, first degree residential burglary (§ 459); counts four and five, discharge of a firearm with gross negligence (§ 246.3, subd. (a)); count six, felon in possession of a firearm (§ 29800, subd. (a)(1)); count seven, possession of a firearm by a person convicted of a misdemeanor (§ 29805, subd. (a)(1)); counts eight and nine, resisting arrest (§ 69); and count ten, grand theft of a firearm (§ 487, subd. (d)(2)). Attached to counts one and two were special allegations of personal and intentional discharge of a firearm (§ 12022.53, subds. (b) & (c)), and attached to counts three, eight, and nine were allegations of personal use of a revolver (§ 12022.5, subd. (a)). Additionally, there were special allegations as to six aggravating factors as to all 10 counts.

McCurdy pled not guilty to all counts and denied all special allegations.

---

[2] Undesignated statutory references are to the Penal Code.

On March 14, 2024, the parties reached a resolution and executed a plea form.  Pursuant to the plea agreement, McCurdy pled no contest to counts one, three, and five, and admitted, as to count three, an enhancement of section 12022.5, subdivision (a) and an aggravating factor per California Rules of Court, rule 4.421(b)(2).   The agreed sentence was 11 years in state prison.

The oral proceedings are set forth in the record.  McCurdy pled no contest and made the agreed-upon admissions as set out in the plea form.  Defense counsel stipulated to the factual basis for the plea based upon the police reports.  The remaining counts were dismissed.

On the date set for sentencing, McCurdy wanted to withdraw his plea, so the court continued the matter to allow counsel to talk to him, and to file a written motion if that was needed.  McCurdy subsequently filed a motion to withdraw his plea.   The prosecution filed an opposition.

On June 24, 2024, the trial court held a hearing on sentencing and McCurdy's motion to withdraw his plea.  Counsel presented argument, and the court denied the motion.  The court sentenced McCurdy to the agreed-upon 11 years, as follows:  on count three, the upper term of six years; on count one, a two-year consecutive term (one-third the midterm); on count five, the midterm of two years, concurrent to counts one and three; on the section 12022.5, subdivision (a) special allegation, the low term of three years, consecutive to counts one and three.  The total aggregate sentence was 11 years in state prison.  The court also imposed fines, fees, and victim restitution, and awarded custody credits.

## II.  DISCUSSION

Counsel for McCurdy asks us to consider whether the trial court abused its discretion in denying McCurdy's motion to withdraw his plea.

Counsel notes that the motion referenced an "attached Declaration of Counsel" that was not attached to the moving papers. We have confirmed that there was no declaration filed with the motion below. The absence of the declaration of counsel does not impair our ability to consider this appeal.

The standard to be shown for a motion to withdraw plea under section 1018 is good cause. Good cause to allow withdrawal of plea includes mistake, ignorance, or any other factor overcoming the exercise of free judgment. (*People v. Barteau* (1970) 10 Cal.App.3d 483, 486.)

A guilty plea which is the result of a plea bargain should not be set aside lightly. The defendant must show good cause with a strong showing of clear and convincing evidence. (*People v. Cruz* (1974) 12 Cal.3d 562, 566; *People v. Nocelotl* (2012) 211 Cal.App.4th 1091, 1096.) The trial court considers all of the circumstances to assess whether the withdrawal of a plea would further the interests of justice. Good cause rests with the sound discretion of the trial court. (*Nocelotl*, at p. 1096; *People v. Shaw* (1998) 64 Cal.App.4th 492, 495–496; *People v. Weaver* (2004) 118 Cal.App.4th 131, 145–146.)

McCurdy's moving papers stated the basis for his motion: McCurdy's claim that "he did not have an adequate opportunity to review all the evidence against him, particularly the video recordings obtained by police during the investigation of this case. Further, that the sentence as outlined in the plea agreement is excessive given he did not intend to intimidate, scare, or injury [*sic*] the officers involved. As a result, [McCurdy] did not make a knowing, voluntary, and intelligent decision to enter the plea agreement, as is constitutionally required."

The prosecution opposed the motion to withdraw the plea, arguing that McCurdy had simply changed his mind, which does not show good cause to withdraw a plea. The People also asserted that "all videos were available to [McCurdy] by September 9, 2023," and McCurdy's plea was taken on March 14, 2024, which gave him six months to review the videos had he wanted to do so.

The trial court found that McCurdy did not present facts or circumstances that provided good cause to withdraw the plea for not having viewed the video evidence. The trial court properly denied the motion to withdraw plea on this basis.

The second basis for the request to withdraw plea, that the agreed sentence is excessive given that McCurdy did not intend to intimidate, scare, or injure the officers involved, is also problematic for McCurdy. McCurdy was represented by counsel throughout the proceedings. A guilty plea may be withdrawn for mistake, ignorance, inadvertence or any other factor that shows the defendant was not able to act with free and clear judgment, but that must be shown by clear and convincing evidence. (*People v. Burkett* (1953) 118 Cal.App.2d 209, 206–207.) The motion to withdraw does not set forth any facts or circumstances that show good cause to withdraw the plea. The court can infer based upon the record that McCurdy acted with knowledge of the facts and upon the advice of his counsel. (*Id.* at p. 207.) There is no showing in the record that McCurdy acted under mistake, fraud, or duress or any other basis that would provide good cause to withdraw the plea.

Here, the trial court appropriately exercised its discretion to deny the motion to withdraw McCurdy's plea for the reasons stated. After reviewing the entire record on appeal pursuant to *Wende, supra*, 25

6

Cal.3d 426, we find no issues requiring further briefing.

## III.  DISPOSITION

The judgement is affirmed.

SIMONDS, J.*

WE CONCUR:
BROWN, P. J.
GOLDMAN, J.

A171097
*People v. McCurdy*

---

\* Judge of the Sonoma County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.