[Crim. No. 3401.   First Dist., Div. Two.   Dec. 26, 1957.]

THE PEOPLE, Respondent, v. DONALD S. SINGH, Appellant.

Louisa R. Lindow (under appointment by the District Court of Appeal) for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, Raymond M. Momboisse, Deputy Attorney General, Robley E. Morgan, District Attorney (Santa Clara) and Samuel D. O'Brien, Deputy District Attorney, for Respondent.

KAUFMAN, P. J.—Appellant Donald S. Singh was charged by information on June 22, 1956, with one count of violating Penal Code, section 476a, issuing a check without sufficient

funds on April 20, 1956. To this charge appellant, after informing the court that he was obtaining counsel, entered a plea of not guilty. On August 17, 1956, appellant was charged by information with two additional counts of issuing checks without sufficient funds in July while he was out on bail on the prior charge. Appellant, with his counsel present, entered pleas of not guilty to these two counts. After several continuances and a change of counsel, the case was set for trial on January 22, 1957. On that date, appellant, again represented by counsel, requested and was granted permission to withdraw his prior pleas of not guilty and enter a plea of guilty to all counts of the two informations. After several additional continuances, appellant's application for probation was set for hearing on February 21, 1957. At this time, appellant made a motion to withdraw his plea of guilty and enter a plea of not guilty, which motion was set to be heard on March 1, 1957.

At the hearing on this motion, appellant's counsel offered to show that he had discovered new evidence which would indicate that the appellant had a reasonable basis for believing he had sufficient credit with the bank, as it appeared that an official of the bank had, without appellant's knowledge, paid appellant's checks out of his own pocket in the amount of $870 and that at the time of the prior change of plea the bank had refused to cooperate with the appellant and appellant did not have access to the checks or his records (which had been in his apartment at the time of his arrest in April and somehow had gotten to the bank). Appellant's counsel admitted that he had issued additional bad checks while he was out on bail after being arraigned on the first charge and further stated that appellant would not have changed his initial plea to guilty if he had known that the checks had been paid. Upon the above evidence, the court denied appellant's motion to change his plea and sentenced appellant to a term in the state prison. As the order denying appellant's motion is not appealable (*People* v. *Francis*, 42 Cal.2d 335 [267 P.2d 8]), this appeal is taken from the judgment of conviction.

Appellant assigns two errors on appeal: (1) that the trial court abused its discretion in denying his motion for a change of plea; (2) that the trial court was predisposed to deny his motion.

The applicable statute, Penal Code, section 1018, provides that in the case of a defendant represented by counsel the

court may, for good cause shown, permit the plea of guilty to be withdrawn. The statute further provides that it is to be liberally construed to promote justice. ▌ The granting or denial of a motion to withdraw a plea of guilty rests in the sound discretion of the trial judge and his decision will not be disturbed on review unless an abuse of that discretion is clearly shown. (*People* v. *Moffett*, 137 Cal.App.2d 626 [290 P.2d 667].) The basis of the application for relief must be established by clear and convincing evidence. (*People* v. *Cooper*, 123 Cal.App.2d 353 [266 P.2d 566].)

Appellant maintains that he has shown good cause in the newly discovered evidence relating to the payment of the checks, which came as a surprise to him. ▌ As pointed out in *People* v. *McGarvy*, 61 Cal.App.2d 557 at 564 [142 P.2d 92]: ''As the withdrawal of a plea of guilty is within the discretion of the trial court, and as such discretion must be exercised upon the facts of each individual case, it is difficult to lay down a general rule. However, the withdrawal of a plea of guilty should not be denied in any case where it is in the least evident that the ends of justice would be sub-served by permitting the defendant to plead not guilty instead; and it has been held that the least surprise or influence causing a defendant to plead guilty when he has any defense at all should be sufficient cause to permit a change of plea from guilty to not guilty. (Citations.)'' As the effect of the denial of appellant's motion here is to deprive him of his legal right to trial, the question presented is whether there was an abuse of discretion. ▌ We are not convinced, however, that the appellant here has established by clear and convincing evidence that he has been denied a legal right by an extrinsic cause. (*People* v. *Schwarz*, 201 Cal. 309 at 315 [267 P. 71].) ▌ As stated in *People* v. *Griffin*, 100 Cal. App.2d 546 at 548 [224 P.2d 47]: ''While a plea of guilty may be withdrawn for mistake, ignorance, inadvertence or for any other factor overreaching a defendant's free and clear judgment, the fact of such mistake, fraud, duress, or over-reaching must be established by clear and convincing evidence, and an appellate court may conclude that the motion was properly denied where the defendant acted with knowledge of the facts and on advice of his counsel. (Citations.)'' Appellant here made the plea of guilty with counsel present. In *People* v. *Young*, 138 Cal.App.2d 425 [291 P.2d 980], relied upon by appellant, the motion was supported by affidavits. Appellant here offered no affidavits in support of his motion.

■ Appellant also maintains that the trial court abused its discretion as the intent to defraud, an essential element of the crime charged, was not proved, as he sincerely believed that he had established credit with the bank. Appellant relies on *People* v. *Griffith,* 120 Cal.App.2d 873 [262 P.2d 355], in which the court said at 880: "One who negotiates a check with knowledge that he has not sufficient funds in the bank to meet it—but who has good reason to believe, and honestly does believe, that it will be paid—cannot be said to have an intent to defraud the payee of the check." In the instant case, the appellant was aware that there were insufficient funds in his account at the time he drew the checks with the bank and apparently did not expect them to be paid as he changed his initial plea. Only after changing his original plea to guilty does he bring forth an argument that there was some arrangement between him and the bank to cover overdrafts, even though he also alleges that he did not know about it. In *People* v. *Griffith, supra,* there was no evidence of deception or artifice. As soon as the defendant there was informed that his checks had been dishonored, he made arrangements to cover them, while appellant here kept on writing bad checks even after arraignment.

■ Appellant further maintains that the trial court viewed his motion with prejudice, because in setting the motion for a hearing the court said: "I will hear you on that plea next Friday and you may be prepared to discuss it fully and you better be prepared to present it because in my present frame of mind, I'm not inclined to grant it. And if you expect it to be granted, you better make a pretty strong showing and, therefore, you shall be permitted to do so next Friday." We do not think that appellant's contention is supported by the record. In denying the motion the court stated: "I have gone into the matter with a great deal of care and I took the file home with me and studied the case with a great deal of care. I have discussed it with Counsel here in open court. I have discussed it with the defendant in person on at least three or four different occasions. I can find no reason for granting the motion to set aside his plea of guilty. He has been before this court for about eight months practically, pretty nearly a year. The case has gone in and out from one thing to another. He was arrested originally on one charge of a bad check. Later, after he had been arraigned on that, he was again arrested for bad checks, written and passed by him

after that. He has has three different attorneys already. He certainly has had ample advice. His first attorney was Mr. Cali, a man of considerable experience and an able and competent attorney. He dispensed with his services at one time and got the services of another attorney, I think, Mr. Harrington who is also a gentleman of the bar and of some experience. He dispensed with Mr. Harrington and has you now representing him. He certainly has had every advantage that could be given him. He entered a plea of guilty. This was entered on the 22nd of January, 1957, and after all the consideration and advice of attorneys, one thing and another, on the Information that was filed on the 17th of August, charging the two counts of bad checks . . ."

In view of the foregoing we cannot say that the court abused its discretion in denying the motion.

Judgment affirmed.

Dooling, J., and Draper, J., concurred.