[Crim. No. 1387.   Fourth Dist.   Sept. 19, 1958.]

THE PEOPLE, Respondent, v. THELMA FERN DUFFORD, Appellant.

Edward A. Muhleman for Appellant.

Edmund G. Brown, Attorney General, and Edward M. Belasco, Deputy Attorney General, for Respondent.

MUSSELL, J.—Appellant was charged with the murder of LaVerne Elvis Dufford. She was arraigned and entered pleas of not guilty and not guilty by reason of insanity. Two doctors were appointed by the court to examine her and report at the time of trial. On April 21, 1958, the cause came on for trial. A jury was empaneled and after an opening statement by the prosecution, several exhibits were introduced in evidence and two doctors were examined. The trial was then recessed until the following day at 10 o'clock a.m., at which time a continuance was granted at the request of appellant until 1:30 p.m. of that day, when the following took place in the trial court's chambers:

"THE COURT: May it be stipulated that the defendant and her counsel, Mr. Muhleman, are here, and the Deputy District Attorney, Mr. Brown, and the matron and the clerk and the reporter and myself are in chambers?

"MR. MUHLEMAN: So stipulated.

"MR. BROWN: So stipulated.

"THE CLERK: Your true name is Thelma Fern Dufford?

"THE DEFENDANT: (Nods head affirmatively.)

"THE CLERK: You are represented by Mr. Howard A. Muhleman?

"THE DEFENDANT: (No response.)

"THE CLERK: Mrs. Dufford, you have heretofore on March 4, 1958, in this Department, entered a plea of not guilty and not guilty by reason of insanity to one count of murder. At this time you wish to move the Court to withdraw those pleas and enter another plea?

"MR. MUHLEMAN: It is so moved by counsel.

"THE COURT: Do you wish to withdraw your plea of not guilty?

"MR. MUHLEMAN: Answer yes or no, Thelma.

"THE DEFENDANT: I can't think clearly.

"MR. MUHLEMAN: Do you want to stand up? Maybe you will feel a little better. Do you wish to withdraw your plea of not guilty at this time and enter a plea of guilty?

"THE COURT: Did you say yes or did you say no?

"THE DEFENDANT: Yes.

"THE COURT: Okay.

"THE CLERK: And what is your plea at this time, Mrs. Dufford? Do you plead guilty?

"THE DEFENDANT: Guilty.

"MR. BROWN: May we have a stipulation, counsel, that this is murder of the first degree, the maximum penalty that may be assessed being life imprisonment, to which the People will consent?

"MR. MUHLEMAN: So stipulated.

"THE COURT: Does she understand that?

"MR. MUHLEMAN: Yes, your Honor.

"THE COURT: She is agreeable to it?

"MR. MUHLEMAN: Are you agreeable to that? Will you read that stipulation back? (The record read by the reporter.)

"MR. MUHLEMAN: Do you understand that?

"THE DEFENDANT: I believe I do.

"THE COURT: Very well."

Appellant's counsel then waived time for pronouncement of judgment and appellant was sentenced to confinement in a state prison for the term prescribed by law, and was committed to the California Institution for Women at Corona. A stay of execution was granted to April 24, 1958, at which time appellant moved to set aside the judgment and the plea of guilty previously entered. This motion was in the handwriting of the appellant and is as follows:

"I Thelma Dufford move the court to change my Plea of Guilty to not Guilty because of following reasons—

"My judgement and reasons were for the benefit and considerations of others and not myself. I was fully advised by consul but did not understand the situation clearly. I was advised it was for the best of my intrest but feel I was infullunced by others and that it was against my own decision. I within my own heart do not feel guilty and do not feel Justice will be done until I have been tried.

"Thelma Dufford

"I do not feel it was of my own free will and volition.

"Thelma Dufford."

During the arguments on the motion, as reflected by the reporter's transcript, the deputy district attorney, on April 22, took appellant's counsel to his office and there played a tape recording which indicated the degree of the crime charged

in the information and the evidence which the prosecution could produce. It also appears that appellant's counsel had discussed the matter of entering a plea with appellant and, after hearing the tape recording and talking with the deputy district attorney, counsel went back and talked to appellant and advised her to enter a plea of guilty and that the punishment would only be life imprisonment.

A deputy sheriff testified at the hearing on the motion that on February 2, at 1:30 a. m., he had a conversation with appellant at the county jail in the presence of appellant's sister; that there were no promises of immunity or reward made to appellant and she made a free and voluntary statement concerning the details of the crime. This statement was recorded on a tape recorder and the record thereof was admitted in evidence and considered by the trial court in ruling on the motion.

Appellant, in her attack on the judgment and order denying her motion, first argues that she did not personally enter a plea of guilty to murder of the first degree. This argument is without merit. The record shows that appellant was represented by counsel and advised by him at all stages of the proceedings involved in her change of plea; that before she withdrew her plea of not guilty she was advised by the clerk that she had entered a plea of not guilty and not guilty by reason of insanity to one count of murder, and was asked if she wished to withdraw her plea of not guilty. Her counsel then moved to withdraw the plea and the trial judge then asked appellant: "Do you wish to withdraw your plea of not guilty?" and appellant answered, "Yes." Immediately thereafter the clerk asked appellant "And what is your plea at this time, Mrs. Dufford? Do you plead guilty?", to which appellant replied "Guilty." It was then stipulated by counsel for the People and appellant that the maximum penalty to be assessed would be life imprisonment and the court determined the degree of the offense as required by section 1192 of the Penal Code.

It clearly appears that appellant personally and through her counsel entered a plea of guilty to the crime of murder and that the degree of the offense was properly determined by the trial court.

Appellant's second and final contention is that there was an abuse of discretion on the part of the court in refusing to allow appellant to withdraw her plea of guilty. This con-

tention is likewise without merit. ■ In *People* v. *Singh*, 156 Cal.App.2d 363, 365 [319 P.2d 697], the court said:

"The applicable statute, Penal Code, section 1018, provides that in the case of a defendant represented by counsel the court may, for good cause shown, permit the plea of guilty to be withdrawn. The statute further provides that it is to be liberally construed to promote justice. The granting or denial of a motion to withdraw a plea of guilty rests in the sound discretion of the trial judge and his decision will not be disturbed on review unless an abuse of that discretion is clearly shown. (*People* v. *Moffett*, 137 Cal.App.2d 626 [292 P.2d 667].) ■ The basis of the application for relief must be established by clear and convincing evidence. (*People* v. *Cooper*, 123 Cal.App.2d 353 [266 P.2d 566].)"

In *People* v. *Cooper*, 123 Cal.App.2d 353 [266 P.2d 566], it is said that:

"While a plea of guilty may be withdrawn pursuant to Penal Code section 1018 by reason of the mistake, ignorance, inadvertence or any factor that overcame the defendant's exercise of a free judgment, the basis of the motion for relief 'must be established by clear and convincing evidence.' Moreover, the reviewing court is justified in concluding that the motion was properly denied when it is shown that the accused 'acted with knowledge of the facts and on advice of his counsel.' In any event, the granting of such a motion rests in the sound discretion of the court."

In *People* v. *Griffin*, 100 Cal.App.2d 546, 548 [224 P.2d 47], it was held:

"While a plea of guilty may be withdrawn for mistake, ignorance, inadvertence or for any other factor overreaching a defendant's free and clear judgment, the fact of such mistake, fraud, duress or overreaching must be established by clear and convincing evidence, and an appellate court may conclude that the motion was properly denied where the defendant acted with knowledge of the facts and on advice of his counsel." (Citing cases.)

■ In the instant case appellant admitted that she was fully advised by counsel. The record shows that she was present when the stipulation as to the punishment for the offense was entered into and understood the nature and consequences of her plea. It is apparent that there was a lack of clear and convincing evidence establishing factors overreaching her free and clear judgment at the time she entered her

plea of guilty. There was no abuse of discretion in denying her motion to withdraw this plea.

Judgment and order affirmed.

Griffin, P. J., and Coughlin, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.