[Crim. No. 5445.   Second Dist., Div. Three.   Dec. 8, 1955.]

THE PEOPLE, Respondent, v. WILSON JOSEPH MOFFETT, Appellant.

*Assigned by Chairman of Judicial Council.

Ernest Best for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

VALLÉE, J.—Defendant was charged with burglary. On March 28, 1955, being represented by counsel, he pleaded "not guilty" and his trial was set for May 5, 1955. On May 5, 1955, again represented by counsel, he withdrew his plea of "not guilty" and pleaded "guilty" as charged. The court found that the burglary was of the second degree. Defendant was granted leave to make application for probation and the hearing on the application was set for June 2, 1955. On June 2 defendant, by his counsel, moved the court for leave to withdraw his plea of "guilty." The motion was denied and hearing on the application for probation was continued to June 9, 1955. On that date defendant, by his counsel, renewed the motion for leave to withdraw his plea of "guilty." The motion was denied. He then made a motion for a new trial, which was denied. Probation was denied. Defendant was sentenced to state prison. At all times prior to June 2, 1955, he was on bail.

Defendant appeals from the judgment, from the order deny-

628

ing his motion for a new trial, and from the order denying his motion to withdraw his plea of guilty. His only point is that the court erred in denying his motion to withdraw his plea of guilty.

█ The motion to withdraw his plea of guilty was made prior to the judgment and is reviewable on the appeal from the judgment. Hence the order denying that motion is not appealable and the appeal therefrom will be dismissed.

The following occurred at the time defendant withdrew his plea of not guilty and pleaded guilty:

"MR. UMANN [attorney for defendant] : At this time, your Honor, the defendant requests permission to withdraw his plea as to case No. 171688.

"THE COURT: Mr. Moffett, is it your desire to withdraw your plea of not guilty to Information 171688 for the purpose of entering a new and different plea?

"THE DEFENDANT: Yes, your Honor.

"THE COURT: You are doing that voluntarily, are you?

"THE DEFENDANT: Yes, your Honor.

"MR. AMSTUTZ [Deputy District Attorney]: Is Wilson Joseph Moffett your true name?

"THE DEFENDANT: Yes.

"MR. AMSTUTZ: Mr. Moffett, you are charged in Information 171688 with the crime of a felony, to wit, burglary, having been committed by you on or about the 4th day of March, 1955, at which time it is stated that you entered a market known as Ken's Market. The Court has granted you permission to withdraw your former plea of not guilty for the purpose of entering a new and different plea.

"You are doing this freely and voluntarily, are you, Mr. Moffett?

"THE DEFENDANT: Yes.

"MR. AMSTUTZ: You discussed this matter with your counsel?

"THE DEFENDANT: Yes.

"MR. AMSTUTZ: No one has made you any promises or offers of reward or lesser sentence to change your plea; is that right?

"THE DEFENDANT: No.

"MR. AMSTUTZ: How do you plead to Information 171688, guilty or not guilty?

"THE DEFENDANT: Guilty."

The motion to withdraw the plea of guilty was predicated on the mere statement of defendant's counsel that defendant denied his participation in the burglary, he did not hear the

proceedings at the time he pleaded guilty, he thought he was pleading guilty to a misdemeanor, his plea was the result of a promise made to him that two other charges would be dismissed if he pleaded guilty, and that he (counsel) believed defendant "would be innocent under the Cahan case" (*People* v. *Cahan*, 44 Cal.2d 434 [282 P.2d 905]). Counsel stated: "If the Court please, with respect to the Cahan case, in this particular case merchandise was found or taken out of an automobile, that is, according to the police officers." The court said: "As I recall the case, the man was found asleep in a car in the night time and the officers approached the car, which they have a right to do when they find anybody asleep on the public highway, and in the course of their investigation they used the key to open up the back and found some stolen merchandise in the back of his car. Is that approximately the situation?" To which counsel for defendant replied: "That is the situation."

■ A defendant who seeks to withdraw a plea of guilty must show good cause therefor. (Pen. Code, § 1018.) ■ The granting or denial of such an application rests in the sound discretion of the trial judge, and his decision will not be disturbed on review unless an abuse of that discretion is clearly shown. (*People* v. *Ottenstror*, 127 Cal.App.2d 104, 109 [273 P.2d 289].) ■ While a plea of guilty may be withdrawn for good cause shown—that is, by reason of the mistake, ignorance, inadvertence, or any other factor which overcame the defendant's exercise of free judgment—and a plea of not guilty substituted, the basis of the application for relief must be established by clear and convincing evidence. (*People* v. *Cooper*, 123 Cal.App.2d 353, 356 [266 P.2d 566].) There was no such showing in the case at bar. There was not only no clear and convincing evidence of good cause for granting the application, there was no evidence at all. The record is not clear as to the basis of the statement of the trial judge with respect to the investigation made by police officers. Apparently it was predicated on the report of the probation officer. The source of the information of the probation officer does not appear. There is nothing in the judge's statement indicating defendant entered his plea of guilty by reason of mistake, ignorance, inadvertence, or any other factor which overcame his exercise of free judgment. Nor is there anything in the statement indicating defendant was not guilty of the burglary charged. He was represented by counsel and had more than a month while on bail in

which to consider his change of plea from "not guilty" to "guilty." There is no basis whatever for a claim of an abuse of discretion.

The Cahan case (*People* v. *Cahan, supra,* 44 Cal.2d 434) had no bearing on the question before the trial judge. That case deals with the admissibility of evidence obtained in violation of constitutional guarantees against unreasonable searches and seizures. Here no question of the admissibility of evidence was before the court. The sole question was whether there was a sufficient showing that the plea of guilty had been entered under one of the circumstances stated.

The appeal from the order denying defendant's motion for leave to withdraw his plea of guilty is dismissed. The judgment and the order denying a new trial are affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.