[Crim. No. 7375. Second Dist., Div. One. Apr. 10, 1961.]

THE PEOPLE, Respondent, v. MAXINE ANN BOYLES et al., Defendants; EARL WILLIAM SHELLEY, Appellant.

Bradford A. Arthur for Appellant.

Stanley Mosk, Attorney General, and Jack E. Goertzen, Deputy Attorney General, for Respondent.

FOURT, J.—This is an appeal from a "judgment and sentence . . . and from the denial of the defendant's motion for a new trial."

In an information filed in Los Angeles County on February

9, 1960, the appellant, with his codefendant, Boyles, was charged with possessing heroin on or about January 21, 1960, and further, it was charged that appellant had previously been convicted of a violation of section 11500, Health and Safety Code, and was, on or about March 18, 1954, sentenced to prison and served a prison term therefor. Appellant pleaded not guilty and denied the prior conviction. The cause was called for trial and the selection of a jury was started. By stipulation a mistrial was declared. A jury trial was then properly waived by both defendants as to all issues.

The prosecution then recommended that the case against the codefendant, Boyles, be dismissed in the interests of justice. Appellant thereupon withdrew his plea of not guilty, was rearraigned and entered a plea of guilty as charged, waived a jury trial on the issue of the prior conviction, and submitted that issue on any applicable information which the court might receive. A probation officer's report was ordered. Thereafter appellant made a motion to withdraw his plea of guilty. That motion was denied. The court found, upon substantial evidence, that it was true that appellant previously had been convicted of the narcotic offense charged in the information. Probation was denied and appellant was sentenced to the state prison. The appeal is from the judgment and the sentence.

A résumé of the facts is as follows:

On April 6, 1960, at or about 2:15 p.m. the appellant's counsel stated to the judge in open court that appellant desired to withdraw his plea of not guilty and to enter a plea of guilty. Appellant was then asked if the statement which had just been made by his attorney was true and correct, and he answered, "That is correct." The appellant further stated that he had discussed the matter with his attorney, that his rights had been fully explained to him, that he understood what he was doing, that he was doing what he was doing freely and voluntarily and of his own volition, that no one had made any promises in order to induce him to enter the plea of guilty. Furthermore he stated that he was pleading guilty because he was guilty and for no other reason whatsoever.

It was also stipulated that the Earl W. Shelley named in a certified copy of a prior conviction was the appellant in the present case. The certified copy of the document was then received into evidence. The appellant was permitted to file an application for probation. The cause was continued for two weeks beyond the usual hearing date at the request of appellant's counsel, to the end that appellant could be exam-

ined by a doctor from a named clinic. An agreeable date was set for the hearing, disposition of the prior conviction and sentence.

The prosecution thereupon made a motion to dismiss the case as against the codefendant, Boyles. The deputy district attorney stated in part that he had talked to the codefendant's attorney, that there had been a conversation with the codefendant and her counsel prior to the matter proceeding to trial, and that it was deemed that she, the codefendant, would turn state's evidence and be a witness for the prosecution. The prosecutor stated that he felt that even under the circumstances they should proceed with their agreement and moved to dismiss the case as against the codefendant Boyles. The motion to dismiss was granted as to the codefendant.

At the next hearing of the matter on Friday, May 6, 1960, appellant's counsel made a motion to withdraw the appellant's plea of guilty and asked that the matter go over until May 16th. Counsel indicated that no notice had been given to the prosecution of any such move to withdraw the plea of guilty and that he wanted the additional time in order that he could file a formal motion and set out the basis of the motion to set aside the plea. Upon questioning by the court appellant's counsel stated that the basis of the motion would be that the plea of appellant was not entered into voluntarily and that appellant had recently told him that the plea was involuntarily entered. The court granted the request to continue the hearing over to the date suggested and commented, ''it sounds a little phoney,'' and further indicated that the appellant seemed to know a great deal about pleading guilty, that he had frequently been in courts. The judge in effect told counsel and appellant that he would respond to a good reason but that at the moment he was not at all impressed with the ''involuntary'' aspect of the case, whereupon counsel for appellant frankly stated, ''I am using that on the spur of the moment.'' Further talk at the time brought forth an expression by the judge that if there was a legitimate reason he would grant the motion to withdraw the plea. It was also brought out that appellant was on parole and the judge in effect indicated that he did not want a ''phony excuse'' ''Just make it a good honest reason. If you have changed your mind, that is better than the one that you didn't know what you were doing.''

At 9:25 a. m. May 16, 1960, counsel for appellant requested that the matter be acted upon as orally presented, that he was

not going to file a motion and waived any such right. Reference was then made to the probation officer's report where it was set forth that appellant had said that he had told the police he did not know to whom the narcotics in question belonged. Comments in the nature of misstatements were then made by counsel for appellant to the judge as to what had occurred at the time of the taking of the plea, and further, counsel for the appellant stated that he did not think that the appellant had made a voluntary choice. The deputy prosecutor pointed out that counsel was told about 9 a. m. on April 6, 1960, of the possibility of the codefendant Boyles testifying for the prosecution, that the cause was continued for one reason or another to about 11:30 a. m. of that date, that he had not talked to Miss Boyles as to what would be done, that he had talked to her attorney, that her attorney and the attorney for the appellant and the two defendants had a long discussion and that about 11:50 a. m. appellant decided to go to a jury trial. Further that at 2 p. m. on that date the appellant, his counsel and the prosecutor came to court and started to impanel a jury; that counsel for appellant then approached the prosecutor and suggested that the appellant would plead guilty. Counsel for appellant then stated that what the deputy district attorney had said was "approximately correct," that the codefendant Boyles was in Corona (women's state prison) as a parole violator, that no one, excepting the appellant, knew whether he was really guilty.

The appellant testified that the codefendant and he had agreed in the first instance to go to a jury trial but when she, the codefendant, agreed to testify for the prosecution he was shocked and decided to plead guilty. The judge thereupon denied the motion to set aside the plea of guilty. Other motions were made by counsel for appellant which obviously were for delay only and which are not pertinent here.

Appellant now contends that the "trial court was without jurisdiction to pronounce judgment when it was established that the plea of guilty was not voluntarily made by the defendant." There is no merit to the contention.

The plea of guilty constitutes a conclusive admission of the offense charged and is tantamount to a conviction. (*People* v. *Outcault*, 90 Cal.App.2d 25, 29 [202 P.2d 602]; *People* v. *Jones*, 52 Cal.2d 636, 651 [343 P.2d 577].)

Section 1018 of the Penal Code provides in part:

". . . On application of the defendant at any time before

judgment the court may, . . . for good cause shown, permit the plea of guilty to be withdrawn . . ."

█ There was no clear and convincing evidence submitted in this case which might have led the judge to grant the motion. There was no abuse of discretion. (See *People* v. *Singh*, 156 Cal.App.2d 363, 366 [319 P.2d 697] ; *People* v. *Ottenstror*, 127 Cal.App.2d 104, 109 [273 P.2d 289] ; *People* v. *Caruso*, 174 Cal.App.2d 624, 636 [345 P.2d 282] ; *People* v. *Cooper*, 123 Cal.App.2d 353, 356 [266 P.2d 566].)

█ The judge was not required to accept the testimony of appellant as being true even if appellant had stated what might appear to be a good reason for granting the motion. (*People* v. *Kirk*, 98 Cal.App.2d 687, 692 [220 P.2d 976] ; *People* v. *Caruso, supra.*)

The court very properly resolved the conflict in this case against the appellant. (See *People* v. *Griffin*, 100 Cal.App.2d 546, 548 [224 P.2d 47] ; *People* v. *Snowden*, 149 Cal.App.2d 552, 558 [308 P.2d 815].)

█ There is no appeal from the sentence and the attempted appeal therefrom is dismissed. (*People* v. *Gallardo*, 41 Cal.2d 57, 60 [257 P.2d 29] ; *People* v. *Sweeney*, 55 Cal.2d 27, 33 [9 Cal.Rptr. 793, 357 P.2d 1049].)

The order denying the motion for a new trial and the judgment are and each is affirmed.

Wood, P. J., and Lillie, J., concurred.