[Crim. No. 3908.   First Dist., Div. Two.   July 27, 1961.]

THE PEOPLE, Respondent, v. HARRY J. DAIGLE, Appellant.

Harry J. Daigle, in pro. per., for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Derald E. Granberg, Deputy Attorneys General, for Respondent.

DRAPER, J.—Appellant and two others were charged with possession of heroin. All moved to set aside the information (Pen. Code, § 995). The motions were denied. Appellant pleaded guilty. The other defendants pleaded not guilty and were acquitted in a trial to the court. Appellant then moved to withdraw his guilty plea. The motion was denied, he admitted two prior narcotics convictions, was sentenced to prison, and appeals. He asked for appointment of counsel on appeal. In view of his guilty plea, we independently reviewed the record and determined that such appointment would not be of help to him or to the court. Upon denial of his request, appellant filed a brief in propria persona.

Appellant first contends that he pleaded guilty only because his counsel, a deputy public defender, told him he would receive a county jail sentence. The record shows counsel's denial of this claim. Even if the representation were made, appellant would not be aided. ■ The public defender becomes the attorney for a defendant "to the same extent as if regularly retained and employed by the defendant" (*In re Hough*, 24 Cal.2d 522, 529 [150 P.2d 448] ). ■ Assurances by defendant's counsel that a light sentence will be given upon a plea of guilty do not vitiate a plea entered in reliance

thereon (*In re Atchley,* 48 Cal.2d 408, 418 [310 P.2d 15] ; *People* v. *Fleming,* 190 Cal.App.2d 149 [11 Cal.Rptr. 743]).

■ Appellant does not at all suggest that any responsible state officer, other than the public defender, afforded any corroboration of the claimed assurance. Thus he falls far short of the showing required to vitiate his plea (*People* v. *Gilbert,* 25 Cal.2d 422 [154 P.2d 657]).

Appellant also asserts error in the denial of his motion to withdraw his guilty plea. In compliance with his request, we have reviewed the transcript of the preliminary examination upon which his two codefendants were, by stipulation, tried in the superior court. It shows that police officers entered a hotel room in which the three defendants were. The toilet in the bathroom was being flushed. The officers went there and retrieved a packet of heroin which appeared as the bowl refilled with water. Appellant was nearest the toilet. Even now, appellant does not deny possession of the single packet of heroin here involved. ■ Delay in moving to withdraw a plea may be considered in passing upon the motion (*People* v. *Francis,* 42 Cal.2d 335 [267 P.2d 8]). Here the motion was delayed until after acquittal of his codefendants. Grant or denial of a motion to withdraw a plea rests largely within the discretion of the trial court (*People* v. *Broady,* 120 Cal.App.2d 901 [262 P.2d 669]). The facts here show no abuse of discretion.

■ The claim that appellant was so inadequately represented that he was in effect denied the aid of counsel is without merit. There is no showing of inadequacy of counsel, much less of that degree required to support the claim (*People* v. *Wein,* 50 Cal.2d 383, 410 [326 P.2d 457]). There was no betrayal of his client in counsel's denial of the direct accusation that he had "promised" leniency which the law clearly did not allow.

Detailed review of the record shows no error.

■ The order denying motion for change of plea is not appealable (*People* v. *Francis, supra,* 42 Cal.2d 335) and the purported appeal from that order is dismissed. Judgment affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.