[Crim. No. 7661. Second Dist., Div. Three. Nov. 7, 1961.]

THE PEOPLE, Respondent, v. BOB JOHN PARKER, Appellant.

Bob John Parker, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

VALLÉE, J.—By information defendant Bob Parker and Richard Bullard and Jimmie Harris were accused of conspiring to commit armed robbery (count I), grand theft (count II), and robbery (count III). On arraignment the public defender was appointed counsel for Parker.

On November 18, 1960, Parker pleaded not guilty and trial was set for January 11, 1961. On January 11, with his counsel present, Parker personally waived trial by jury. He then withdrew his plea of not guilty to count I, conspiracy to commit armed robbery, and pleaded guilty thereto. A probation report was ordered.

On January 20, 1961, the public defender's motion to be relieved as counsel for Parker was granted and the court appointed G. Lenoir as his counsel. Further proceedings were continued to February 8.

On February 8 Parker filed a written motion for permission to withdraw the plea of guilty and enter a plea of not guilty and his affidavit in support of the motion. The affidavit is quoted in the margin.[1] The motion was denied. Counts II

[1] The affidavit reads: "That on or about January 11, 1961, the above entitled action came on for trial in Department 108 of the Superior Court; that at that time and place affiant was told that the matter would be transferred to Department 106 for trial; That when affiant was in Department 106 Detention Room, the attorneys and the affiant's co-defendants had discussed the matter with affiant; affiant was told by

706

and III were dismissed. Probation was denied. Sentence was to state prison. Parker appeals from the judgment and from the order denying his motion to withdraw his plea of guilty. The order is not appealable and the appeal therefrom will be dismissed. (*People* v. *Francis,* 42 Cal.2d 335, 336 [267 P.2d 8].)

The principal point urged for reversal is that Parker's motion to withdraw the plea of guilty should have been granted. The proceedings on withdrawal of the plea were these: ''THE COURT: People versus Richard Bullard, Jimmie Harris and Bob Parker. There was a jury waiver on all three defendants, was there, in Department 108? MR. ALSTON [District Attorney] : That is correct, your Honor. THE COURT: All right. You may proceed. MR. ALSTON: It is my understanding that at this time each of the defendants wants to make a motion to withdraw their plea as to Count I of the Information, for the purpose of entering a new and different plea. Is that correct, counsel? MR. CRIGGER [Public Defender] : That is correct, your Honor. THE COURT: Is that your desire, gentlemen, Bullard, Harris and Parker? . . . THE DEFENDANT PARKER: Yes, sir. THE COURT: You have talked this over with your attorney, have you? . . . THE DEFENDANT PARKER: Yes, sir. THE COURT: All right. You may take the plea. . . . MR. ALSTON: Bob John Parker, is that your true name? THE DEFENDANT PARKER: Yes, sir. MR. ALSTON: And you and each of you have heretofore been arraigned on Information Number 235283, charging you with three counts, in which you have heretofore entered pleas of not guilty. Your counsel has requested, and the court has granted you permission to withdraw your pleas of not guilty to Count I of the Information for the purpose of pleading guilty to that count. Is that the desire of each of you? MR. CRIGGER: Would you tell them what Count I is? MR. ALSTON: Count I charges you with the crime of conspiracy to commit robbery. . . . THE DEFENDANT PARKER: Yes. MR. ALSTON: And you are doing this freely and voluntarily, is that correct? . . . THE DEFEND-

the co-defendants that unless he entered a plea of guilty to the charge of Conspiracy to Commit First Degree Robbery, that it would make it difficult upon all parties concerned, in that all of the parties would have to face all of the charges. Affiant was confused and hesitantly entered a plea of guilty although affiant was not guilty of this or any of the charged set forth in the information herein. Affiant feels that he has a meritorious defense to all of the charges and prays this Honorable Court to permit the affiant to withdraw the plea of guilty and enter a plea of not guilty and the matter be set down for trial on the merits.''

ANT PARKER: Yes. MR. ALSTON: No one has made you any promises of reward, immunity, lesser sentence in order to get you to change your plea, is that correct? . . . THE DEFENDANT PARKER: No. MR. ALSTON: Richard Oble Bullard, Jimmie Linsey Harris and Bob John Parker, in Information Number 235283, in Count I thereof, you are charged with the crime of conspiracy, a violation of Section 182 of the Penal Code of California, committed on or about the 19th day of October, 1960. You are further charged with five overt acts in pursuance of that conspiracy. Do you waive further reading, counsel? MR. CRIGGER: Waive further reading. . . . MR. ALSTON: And Bob John Parker, how do you plead to Count I of the Information? THE DEFENDANT PARKER: Guilty. MR. ALSTON: It is further charged in Count I of the Information that at the time of the commission of this offense that you were armed with a deadly weapon, to wit, a .38 caliber revolver. Do you all understand the nature of that allegation? . . . THE DEFENDANT PARKER: Yes. MR. ALSTON: Do you now wish to admit or deny that allegation, Richard Oble Bullard? MR. CRIGGER: I wonder, Mr. Alston, if this could be put over to the time of probation and sentence hearing? MR. ALSTON: It is part of Count I of the Information, counsel. Mr. Bullard, do you now wish to admit or deny that allegation? MR. ETTINGER: May we have a moment, please? MR. ALSTON: All right. (Counsel conferring) MR. ALSTON: Are all three of you defendants willing to have the court, this judge, determine, at the time of your probationary hearing and sentence, this question of whether or not you were armed with a deadly weapon at the time of the commission of the offense? . . . THE DEFENDANT PARKER: Yes, sir. THE COURT: All right. Is that so stipulated? . . . MR. CRIGGER: So stipulated, your Honor, yes. THE COURT: All right. MR. ALSTON: And I believe that it will be further stipulated by counsel that the robbery that this conspiracy involved, the facts would make it a robbery of the first degree. . . . MR. CRIGGER: So stipulate. THE COURT: Very well. That will be the finding of the court. I presume you want to make application for probation on behalf of each defendant?''

At the hearing of the motion to withdraw the plea of guilty Mr. Lenoir, counsel for Parker, stated to the court that defendant had informed him that the night before the cause came before the court he had discussed with his former attorney the merits of the case and defendant at that time discharged his former attorney, telling him he did not want

to be represented by him; that the following morning he talked with one of his codefendants who informed him in the presence of one of the attorneys that the district attorney's office would take a plea to one count only if all the defendants pleaded guilty to that count; that thereafter the attorney left the detention room and his codefendants proceeded to persuade him to assist in entering a guilty plea; that he entered the guilty plea not having full knowledge of the import "of this particular transaction."

A defendant who seeks to withdraw a plea of guilty must show good cause therefor. (Pen. Code, § 1018.) ■ The granting or denial of such an application rests in the sound discretion of the trial judge, and his decision will not be disturbed on review unless an abuse of that discretion is clearly shown. (*People* v. *Ottenstror,* 127 Cal.App.2d 104, 109 [273 P.2d 289].) ■ While a plea of guilty may be withdrawn for good cause shown—that is, by reason of the mistake, ignorance, inadvertence, or any other factor which overcame the defendant's exercise of free judgment—and a plea of not guilty substituted, the basis of the application for relief must be established by clear and convincing evidence. (*People* v. *Cooper,* 123 Cal.App.2d 353, 356 [266 P.2d 566].) ■ There was no such showing in the case at bar. There was no clear and convincing evidence of good cause for granting the application. (*People* v. *Moffett,* 137 Cal.App.2d 626, 629 [290 P.2d 667].) The only showing made by the affidavit was that Parker was told by his codefendants that unless he. entered a plea of guilty it would be difficult for all parties, and that he was "confused and hesitantly entered a plea of guilty." There was no showing of duress, fraud, or other force overreaching the will of defendant or that defendant had been deprived of any right by an extrinsic cause. (See *People* v. *Alexander,* 130 Cal.App.2d 529, 530-531 [279 P.2d 128].)

It is manifest there was no abuse of discretion in denying the motion. The trial judge was justified in not giving credence to Parker's affidavit or to the representations made on the hearing of the motion, even though uncontradicted. (*People* v. *McGee,* 127 Cal.App.2d 318, 320-321 [273 P.2d 833].)

■ A plea of guilty is an admission of every element of the offense to which the plea is entered and constitutes a conclusive admission of the defendant's guilt thereof. (*People* v. *Cabral,* 128 Cal.App.2d 693, 694 [275 P.2d 927].) Hence

Parker's claims that the corpus delicti was not proved, that the degree of the offense was not established, and similar claims cannot be considered. Parker asserts that because he was not named specifically in the overt acts alleged, he could not be found guilty of the conspiracy charged. Some of the overt acts alleged were that "the defendants" did certain things. The other defendants are named specifically in some of the overt acts alleged. It is sufficient if one conspirator commits an overt act in carrying out the purpose of the conspiracy, for all the members thereof "are bound by all acts of all members done in furtherance of the agreed plot." (*People* v. *Robinson*, 43 Cal.2d 132, 140 [271 P.2d 865].)

The appeal from the order denying the motion to withdraw the plea of guilty is dismissed. The judgment is affirmed.

Shinn, P. J., and Ford, J., concurred.

A petition for a rehearing was denied November 16, 1961.