[Crim. No. 3319. Third Dist. June 18, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIAM McDOWELL, Defendant and Appellant.

William McDowell, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Edward A. Hinz, Jr., Deputy Attorney General, for Plaintiff and Respondent.

PIERCE, J.—This is an appeal from a judgment of conviction of burglary in the second degree.

The indictment of the grand jury accused appellant of wilfully and unlawfully entering a dwelling with the intent to commit theft. The trial court appointed the public defender as appellant's attorney, but thereafter, upon appellant's motion (and after adequately warning appellant of the possible consequences thereof), he was permitted to represent himself. Appellant first pleaded not guilty, later changed his plea of guilty. The trial court referred the matter to the probation officer for investigation and report and continued the case for a hearing of said report and for judgment and sentence.

On November 27, 1961, the date to which the matter was so continued, appellant decided his plea of guilty had been a mistake and made a motion "for a stay of judgment of the arrest, pending hearing of appeal, to show cause why the guilty plea should not be vacated." The motion was denied. Probation was denied and judgment and sentence were pronounced. Appellant was sentenced to prison for the term prescribed by law. He appeals in propria persona.

Before discussing his points on appeal, a matter not urged which has come to our attention should be considered. The clerk's transcript includes what the index describes as a copy of a "judgment." The document attached is not a judgment, however, and inquiry discloses that the judgment and sentence orally pronounced were not reduced to writing. The document which actually appears in the record is an "abstract of judgment." This document recites that the conviction of burglary is "with prior felony convictions as follows" and thereafter appear typewritten symbols mostly

unintelligible to those uninitiated in the arcana of the law enforcement fraternity. Obfuscation is furthered by illegibility due to a failure in the photo-copy process. The intelligence apparently intended to be imparted by the document is that appellant's plea of guilty had included an admission of one, or perhaps two, other offenses, wherefore these had been tacked on to the pleaded offense. The reporter's transcript, however, which includes pronouncement of judgment and sentence, contains no mention of prior convictions. The indictment is similarly silent, and appellant on arraignment for plea was not called upon to admit or deny any prior misdeeds. Obviously, therefore, a record which on its face purports to show judgment and sentence, with prior convictions, is in error, it is a source of confusion to the Adult Authority or others with occasion to examine appellant's record in the future, and must be corrected.

▉ The points which *are* raised by appellant on appeal are without merit. His first point is that a motion made in the trial court for a dismissal of the indictment should have been granted upon the ground that after his arrest he was held for 72 hours prior to being taken before a magistrate. Nowhere in the record was there any proof, either by moving papers or otherwise, that he *had* been held for 72 hours. Assuming that he was so held the delay violates a fundamental right of an arrested person and is in disobedience of the law. However, there is no showing that such wrongful conduct, if it occurred, resulted in an unfair trial. (*People* v. *McCrasky,* 149 Cal.App.2d 630, 637 [309 P.2d 115].) ▉ Appellant pleaded guilty, thereby admitting all of the elements of the offense. ▉ There can be no appeal on the merits from a judgment rendered on the plea of guilty. Irregularities not going to the jurisdiction or legality of the proceedings will not be reviewed. (*Stephens* v. *Toomey,* 51 Cal.2d 864, 870 [338 P.2d 182].) ▉ The contention of appellant that he was induced to change his plea from not guilty to guilty under duress is unsupported by anything in the record and cannot be raised for the first time by complaints contained in a brief on appeal. (*People* v. *Shaffer,* 182 Cal.App.2d 39, 45-46 [5 Cal.Rptr. 844].)

▉ The contention that appellant should have been permitted to withdraw his plea of guilty and enter a plea of not guilty when he was arraigned for judgment and sentence similarly has no merit. There was no evidence to support the motion. Good cause must be shown for a change of plea. (Pen.

Code, § 1018; *People* v. *Parker*, 196 Cal.App.2d 704, 708 [16 Cal.Rptr. 718].) None was here shown. The probable motivating factor was appellant's premonition upon reading the probation officer's report recommending that probation be denied. This, no doubt, would seem "good cause" to him. It is not legally. "A defendant charged with an offense cannot be permitted to gamble on the anticipated result of a plea of guilty and when disappointed in the outcome re-establish a right to trial. [Citing cases.]" (*People* v. *Caruso*, 174 Cal.App.2d 624, 642 [345 P.2d 282].)

Appellant urges that his request for stay of execution pending appeal was improperly denied. It was not. The matter rested in the discretion of the judge (*People* v. *Sullivan*, 110 Cal.App.2d 4, 6-7 [242 P.2d 348]) no abuse of which appears here.

Other contentions of appellant lack sufficient coherency to permit answer.

The judgment is corrected, deleting therefrom the erroneous reference to prior convictions, and as so modified it is affirmed.

Peek, P. J., and Schottky, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 15, 1962.