[Crim. No. 8710. Second Dist., Div. Four. Oct. 4, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN WOODFORD PERRY, Defendant and Appellant.

John Woodford Perry, in pro. per., for Defendant and Appellant.*

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.— On July 5, 1961, defendant was charged by information with grand theft for allegedly obtaining a loan of $800 from one Edna E. Joslyn by means of false representations. Defendant entered a plea of not guilty.

Prohibition proceedings were subsequently instituted in the appellate courts by defendant and a continuance was granted pending the outcome. Thereafter the writ sought was denied by the state Supreme Court (*Perry* v. *Superior Court*, 57 Cal.2d 276 [19 Cal.Rptr. 1, 368 P.2d 529]), and the matter was set for trial. On April 30, 1962, defendant withdrew his plea of not guilty and entered a plea of guilty. He has represented himself in propria persona throughout the proceedings,[1] including those seeking a writ. On June 22, 1962, a motion for new trial was denied, proceedings were suspended, and defendant was granted probation under certain conditions. Following defendant's motion for a stay of execution, and in order to permit defendant to remain on bail while he arranged his affairs before going to jail for 270 days, one of the conditions of probation, the court vacated the proceedings taken on June 22 and the matter of probation and sentence was continued to July 6, 1962. On the latter date, defendant filed a "motion to set aside judgment and to allow defendant to change his plea of guilty to plea of not guilty." On July 13, 1962, the motion was heard and denied, proceedings were suspended, and probation was granted for five years upon the same conditions set forth in the original probation order of June 22, 1962.

Defendant's notice of appeal from the denial of his

---

*On Jan. 15, 1963, appellant was sent notice pursuant to rule 17(a) of California Rules of Court (formerly Rules on Appeal rule 17(a)). On Mar. 15, 1963, he filed an opening brief. On July 14, 1963, he was notified by letter that he was entitled to counsel, that if he wanted to be represented by counsel and had no funds to employ counsel, the court would appoint counsel to represent him on appeal. On July 25, 1963, the Attorney General filed his reply brief; nothing further has been heard from defendant.

[1]Defendant did have an associated counsel at the probation report hearings.

"motion to set aside judgment" will be treated as an appeal from the order granting probation.

Defendant maintains that the trial court should have granted his motion to withdraw his plea of guilty. The proceedings had relating to defendant's withdrawal of his original plea of not guilty and entry of the plea of guilty conclusively show that both the deputy district attorney and the court carefully questioned defendant in order to ascertain that he was acting voluntarily and not because of any threats or promises of any kind and specifically with respect to representations as to punishment or penalty.

Defendant's motion on July 6, 1962, to withdraw his guilty plea was made pursuant to Penal Code, section 1018, which states in part: "On application of the defendant at any time before judgment the court may, and in case of a defendant who appeared without counsel at the time of the plea the court must, *for good cause shown*, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." (Italics added.)

In discussing the application of section 1018, the court said in *People* v. *Ottenstror*, 127 Cal.App.2d 104, 109 [273 P.2d 289] : "It is well settled in our law that an accused who seeks to set aside a plea of guilty must show good cause therefor, and the granting or denial of such an application rests in the sound discretion of the trial judge, and his decision will not be disturbed on appeal unless an abuse of that discretion is clearly shown. [Citation.] " (See also *People* v. *Beck*, 188 Cal.App.2d 549, 552 [10 Cal.Rptr. 396].)

Because a plea of guilty is the equivalent of a conviction of the crime charged (*People* v. *Jones*, 52 Cal.2d 636, 651 [343 P.2d 577]), while it may be withdrawn pursuant to section 1018, the basis for the motion for relief must be established by clear and convincing evidence. (*People* v. *Cooper*, 123 Cal.App.2d 353, 356 [266 P.2d 566].)

In considering the motion, the doctrines of presumption of innocence and proof beyond a reasonable doubt are inapplicable, since the defendant has already admitted his guilt by his plea of guilty. (*People* v. *Caruso*, 174 Cal. App.2d 624, 634-635 [345 P.2d 282].)

In the instant case we are persuaded that no "clear and convincing evidence" was presented which would justify a finding by this court that the trial court abused its discretion in denying defendant's motion to vacate the plea of guilty.

Defendant alleged in the motion that certain representations were made to him by members of the office of the district attorney, which he alleges were false and upon which he allegedly relied in changing his plea of not guilty. However, there is nothing in the record other than defendant's affidavit, on which his motion to withdraw the plea was based, to support these allegations.

As stated in the case of *People* v. *Beck, supra,* 188 Cal.App.2d 549, 553 (which involved similar facts), "It should also be pointed out that the trial court was not bound to give full credence to the statements in defendant's affidavit in support of his motion to withdraw his pleas of guilty even though they are uncontradicted because of defendant's obvious interest in the outcome of the proceeding. [Citations.]"

"A trial judge is not required to accept as true the sworn testimony of a witness, even in the absence of evidence contradicting it, and this rule applies to an affidavit. Further, the trial court as trier of the fact, is the judge of the credibility of the witness whether he testify in person or by affidavit. [Citations.]" (*People* v. *Kirk,* 98 Cal.App.2d 687, 692 [220 P.2d 976].)

Defendant alleges that he was not given the reports of the probation officer (with the exception of a supplementary report), until the time of the June 22, 1962, hearing, and that this resulted in his "inability to comprehend, analyze, and evaluate the effect thereof on the court's disposition of said matter." It is alleged that the reports did not contain certain "true facts," and that had he been given the opportunity to examine them prior to the date of the hearing, "all of the facts" could have been presented to the court for its consideration. Defendant maintains that his plea of guilty was based on the representation made to him that "all the facts of the case" would be placed before the court, and that the court "would probably be inclined" to at least grant a motion to reduce the charge to a misdemeanor and suspend further proceedings thereon, or the court "might even refuse on its own motion to accept the plea of guilty." Penal Code section 1203 provides that the probation officer's report and recommendations "... must be made available to the ... defense attorneys at least two days prior to the time fixed by the court for the hearing and determination of such report. ..." (See *People* v. *Oppenheimer,* 214 Cal.App.2d 366, 370-371 [29 Cal.Rptr. 474].)

In the case of *People* v. *Valdivia*, 182 Cal.App.2d 145, 147 [5 Cal.Rptr. 832], the court held that, though no copy of a probation officer's report was made available to defendant's counsel two days prior to the hearing on the report as required by Penal Code section 1203, the error was cured where the court, after partially hearing the matter, ordered a continuance of one week.

Likewise, in the instant case, any claimed error of the trial court, in not providing defendant with a complete copy of the probation reports within the time prescribed by section 1203, was cured by the court's vacating the action taken in the proceedings of June 22 and continuing the matter of probation and sentence to July 13. This allowed defendant ample time ''to comprehend, analyze and evaluate'' the effect of the reports and to apprise the court in writing of any discrepancies or omissions therein.

It appears to this court that defendant's complaint is based upon his disappointment upon being sent to jail as a condition of probation. The court indicated that the offense, the bilking of a 65-year-old woman of a sizable sum of money, merited a state prison sentence and that probation with a county jail term as a condition was being substituted solely because of the court's feeling that this was a case where restitution should also be required as a further condition of probation. ▋ The rule is well established that a defendant cannot be permitted to gamble on the anticipated result of a plea of guilty and when disappointed in the outcome reestablish his right to a trial. (*In re Gutierrez*, 122 Cal.App. 2d 661, 665 [265 P.2d 16].)

The judgment (order granting probation) is affirmed.

Burke, P. J., and Kingsley, J., concurred.