[Crim. No. 8710. Second Dist., Div. Four. Dec. 17, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN WOODFORD PERRY, Defendant and Appellant.

John Woodford Perry, in pro. per., and Cora M. Brown for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

THE COURT—Defendant pled guilty to a charge of violation of Penal Code section 487. His request to withdraw that plea was denied and the judgment against him (order granting probation) was affirmed by this court by an opinion filed on October 4, 1963. (*People* v. *Perry*, 220 Cal.App.2d 841 [34 Cal.Rptr. 10].) No petition for rehearing, or for hearing in the Supreme Court, was filed and remittitur duly issued. Defendant, who has appeared in propria persona all through the proceedings in this court, although we tendered to him the appointment of counsel,[1] has now filed a document which he entitled a "Petition for: (1) Writ of Coram Nobis or alternative (2) Writ of Habeas Corpus."

Petitioner claims that he had no notice of our decision until he received written notice from the clerk of the superior court that the remittitur had been filed in that court. The records in the office of our own clerk show that a copy of our

---

[1] The history of defendant's situation as to counsel in the trial court, and before us, is set forth in our original opinion.

opinion affirming the conviction was duly mailed to him. Further, while rule 24 of the California Rules of Court directs the clerk to mail a copy of the opinion to the trial court and to the parties, a failure on his part so to do does not prevent the decision from becoming final, since the time for finality runs from the filing of the opinion.

However, in view of the fact that defendant has appeared here without counsel, and since his petition contains points and authorities which he could have presented to us by a timely petition for rehearing, in the interest of justice, we recall the remittitur. Treating the petition as one for rehearing, and, after examination thereof finding that it is without merit, rehearing is denied; the petition presently filed is otherwise denied. Pursuant to rule 25(c) of the California Rules of Court, the reissuance of remittitur is stayed for a period of 30 days from and after the filing of the present order.

Appellant's petition for a hearing by the Supreme Court was denied February 5, 1964.