[Crim. No. 5036. First Dist., Div. One. Jan. 6, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. MICHAEL J. BROTHERTON, Defendant and Appellant.

Bertram M. Berns, under appointment by the District Court of Appeal, Ralph J. Steinberg and Berns & Steinberg for Defendant and Appellant.

Thomas C. Lynch, Attorney General, and Edward P. O'Brien, Deputy Attorney General, for Plaintiff and Respondent.

SIMS, J.—Defendant filed his notice of appeal following a judgment sentencing him to state prison upon his conviction by pleas of guilty of two counts of possession of marijuana in violation of section 11530 of the Health and Safety Code. The notice recites: "Petitioner gives notice of Appeal to the

motion for a chance [*sic*] of plea from that of guilty to that of not guilty, and Notice of Appeal the sentencing of Petitioner, and Notice of Appeal for a Motion of a Writ, to be presented to the Court before Court sentenced Petitioner.''

No appeal lies from an order denying the defendant's motion to change his plea or from other orders before judgment or its equivalent, but the rulings may be reviewed on appeal from the judgment, or from the ''sentence'' as deemed a final judgment. (Pen. Code, § 1237, subd. 1; Cal. Rules of Court, rule 31(b); and see *People* v. *McDonough* (1961) 198 Cal.App.2d 84, 86-87 [17 Cal.Rptr. 643].)[1]

Defendant contends it was an abuse of discretion to deny his motion to withdraw his plea of guilty and substitute a plea of not guilty. He asserts error in that the trial court allegedly took judicial notice of the effects of a drug. For the reasons hereinafter set forth it is concluded that the record as a whole supports the discretion exercised by the lower court in the denial of the motion; and that the observations of the court, even if erroneous, do not affect the result.

On August 20, 1964, a complaint was filed in the appropriate municipal court charging the defendant in one count with a sale of marijuana in violation of section 11531 of the Health and Safety Code on July 24, 1964, and in a second count with a similar violation on August 2, 1964.

The defendant was taken into custody, according to his statement, at 7 a.m. on January 12, 1965. On January 14th, at or after 2 p.m., he appeared before the magistrate with counsel, and with the consent of the magistrate and the prosecutor, his pleas of guilty to two counts of possession of marijuana in violation of section 11530 of the Health and Safety Code, offenses necessarily included in those with which he was charged, were received and entered, and the proceedings thereupon were certified to the superior court, all as provided in section 859a of the Penal Code.

The complaint and certificate of the magistrate were filed with the superior court on January 18th, and on the 27th the matter came before the court for sentence. The defendant appeared with his counsel, an assistant public defender, and at the request of the defendant the matter was referred to the probation officer for investigation and report and con-

---

[1]The notice of appeal having been filed before September 17, 1965, the provisions of Penal Code, section 1237.5, as added by Statutes 1965, chapter 1924, section 2, and paragraph (d) of rule 31 of California Rules of Court are not applicable.

tinued to February 17th. The record fails to reflect that either the defendant or his counsel voiced any objection to the prior proceedings generally, or specifically, to the plea he had theretofore entered.

On February 16th, a judge presiding in another department placed a "Petition for Injunction" on the calendar and assigned it for hearing to the department in which the defendant had appeared for sentence. This "petition" is apparently a document entitled "Motion for Injunction Against Alameda County Sheriff's Department," dated February 10, 1965 and signed by the defendant. It, and a "Motion for Legal Materials, Law Books and Constitutions," similarly dated and signed, were formally filed with the court on February 19th. Neither of these instruments refers to the defendant's subsequently launched attack on his plea.

From the record of the proceedings of February 19th, it appears that defendant was before the court on the 17th; and that on that day, through his attorney, he for the first time advised the court that he wished to make a motion to withdraw his plea of guilty. The matter was apparently continued to the 19th, at which time, after reviewing the foregoing, the following occurred: "The Court: . . . What are your grounds for that? The Defendant: Well, sir, I was under the influence of a drug methedrine, and I have with me the doctor's—This is what methedrine does to a person. It affects their mind. This is taken out of a pharmacology book by a doctor—his name is on here. The Court: I think that I can take judicial notice of methedrine's effect on a person's system. How long were you in custody when the plea was entered?" In the following discussion the defendant stated he had been in custody approximately 18 hours when the plea was entered, but further inquiry revealed that the time from when he admittedly was taken into custody to the time he entered his plea was at least 55 hours. The court concluded "I would say that would be sufficient time to let that methedrine wear off." Before ruling, however, the court interrogated the defendant from what must have been a transcript of the proceedings before the magistrate from which it appears that he gave affirmative answers to his own counsel's inquiries directed to showing that his plea was entered knowingly, understandingly, freely and voluntarily. The defendant conceded that the transcript correctly reflected what transpired, but stated: "I had been on the stuff a couple of months, Your Honor, and I was using a tremendous amount

at that time. And it works on your mind, you know, and at that time I didn't even know what was going on, really.''

At the conclusion of its review of the transcript of the prior proceedings, which has not been made part of the record before this court, the superior court denied the motion. It then reviewed and denied the two other motions referred to above. In the course of the proceedings on these motions it was brought out that the defendant had been confined at the Alameda County Hospital at Fairmont.

Defendant personally, and through his counsel, advised the court that he had a motion for a writ of habeas corpus to file and present to the court. The following then ensued: ''The Court: Well, do you think this is the proper Court in which to file it? Mr. Evans: I have advised Mr. Brotherton that I believe the D.C.A. is the appropriate forum for any and all writs of habeas corpus, or any other similar writs he intends to file. I would suggest to him he so file it. The Defendant: I am sorry. I misunderstood. The Court: You see, you come before this Court and you are in custody; you stand convicted of two felony counts. Now, the writ would not lie here. The Defendant: I see. The Court: I don't know that it lies anywhere, but it doesn't lie here. The Defendant: Well, Your Honor, I am not versed in the art of law, and I just don't know these things. I'm sorry.'' The contents of this proposed motion are not part of the record so it is impossible to review the propriety of the court's ruling in rejecting it, even were it reviewable on appeal from the judgment as a ruling on a question of law prior to judgment which affected a substantial right of the defendant (see Pen. Code, § 1259).

The denial of an application for a writ of habeas corpus is not appealable. (*People* v. *Del Campo* (1959) 174 Cal.App.2d 217, 221 [344 P.2d 339]; *People* v. *Lempia* (1956) 144 Cal.App.2d 393, 396 [301 P.2d 40] (cert. denied 353 U.S. 916 [77 S.Ct. 671, 1 L.Ed.2d 667]); *People* v. *Vega* (1955) 136 Cal.App.2d 202, 205 [288 P.2d 278]; *People* v. *Ryan* (1953) 118 Cal.App.2d 144, 149 [257 P.2d 474]; and cf. Pen. Code, § 1506.) It may be assumed that the refusal to entertain and rule on a petition for a writ of habeas corpus could be the subject of review in appropriate proceedings. In the absence of a record of the content or substance of the application, and in view of the nonappealability of a denial of the application, these proceedings do not present that issue in reviewable form.

█ The court then denied probation and had the defendant arraigned for judgment by the clerk of the court. In response to the appropriate inquiry defendant's counsel stated: "At this time, on the defendant's behalf, we have no legal cause, Your Honor." The court thereupon imposed judgment of concurrent sentences to state prison. The judge recommended that defendant be held in the medical facility in Vacaville for treatment for his physical and mental illnesses.

Section 1018 of the Penal Code provided and provides in part as follows: "On application of the defendant at any time before judgment the court may, . . . for good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted. . . .

"This section shall be liberally construed to effect these objects and to promote justice."[2]

█ The parties agree that this review is governed by general principles which were last set forth by this court as follows: "The granting or denial of a motion by a defendant to withdraw his plea of guilty rests in the sound discretion of the trial judge and his decision will not be disturbed on appeal unless an abuse of that discretion is clearly shown. (*People* v. *Ottenstror* (1954) 127 Cal.App.2d 104, 109 [273 P.2d 289]; *People* v. *Beck* (1961) 188 Cal.App.2d 549, 552 [10 Cal.Rptr. 396]; *People* v. *Parker* (1961) 196 Cal.App.2d 704, 708 [16 Cal.Rptr. 718].) A defendant seeking to withdraw his plea of guilty and substitute a plea of not guilty must show good cause for such application. (Pen. Code, § 1018.) █ 'While a plea of guilty may be withdrawn pursuant to Penal Code section 1018 by reason of mistake, ignorance, inadvertence or any factor that overcame the defendant's exercise of a free judgment, the basis of the motion for relief "must be established by clear and convincing evidence." ' (*People* v. *Cooper* (1954) 123 Cal.App.2d 353, 356 [266 P.2d 566]. In accord: *People* v. *Ottenstror, supra*; *People* v. *Beck, supra*; *People* v. *Parker, supra*; *People* v.

---

[2]1965 additions to section 859a of the Penal Code (Stats. 1965, ch. 2023, § 2; and cf. ch. 2023, §§ 1 and 3 and ch. 2022, § 1), which were not in effect at the time of the defendant's motion or application, provide: "If the defendant subsequently files a written motion to withdraw the plea under Section 1018, the motion shall be heard and determined by the court before which the plea was entered." Prior procedure recognized the motion could be made in the superior court even though the plea was taken before the magistrate. (See *People* v. *Beck* (1961) 188 Cal.App.2d 549 [10 Cal.Rptr. 396]; *People* v. *Ottenstror* (1954) 127 Cal.App.2d 104 [273 P.2d 289]; and *People* v. *McGarvy* (1943) 61 Cal.App.2d 557 [142 P.2d 92].)

*McDonough* (1961) 198 Cal.App.2d 84, 90 [17 Cal.Rptr. 643].) '' (*People* v. *Gannaro* (1963) 216 Cal.App.2d 25, 28 [30 Cal.Rptr. 711] ; see in addition to the cases cited: *People* v. *Francis* (1954) 42 Cal.2d 335, 338 [267 P.2d 8] ; *People* v. *Perry* (1963) 220 Cal.App.2d 841, 844 [34 Cal.Rptr. 110] ; *People* v. *Caruso* (1959) 174 Cal.App.2d 624, 633-634 [345 P.2d 282] (cert. den. 363 U.S. 819 [80 S.Ct. 1259, 4 L.Ed.2d 1517] ) ; *People* v. *Singh* (1957) 156 Cal.App.2d 363, 366 [319 P.2d 697] ; *People* v. *Moffett* (1955) 137 Cal.App.2d 626, 629 [290 P.2d 667] ; *People* v. *Broady* (1953) 120 Cal.App.2d 901, 903 [262 P.2d 669] ; *People* v. *Burkett* (1953) 118 Cal. App.2d 204, 206-207 and 209 [257 P.2d 745].)

This controversy stems from the application of the foregoing rules to the proceedings before the lower court. Regarding the last sentence of the statute, which is quoted above, *People* v. *Francis, supra,* stated: ''As indicated by section 1018 of the Penal Code, *supra,* it must be liberally construed, that is, liberality in permitting a withdrawal of a plea of guilty before judgment is expressly enjoined upon the court. [Citations.]'' (42 Cal.2d 335, 338, and see also: *People* v. *Caruso, supra,* 174 Cal.App.2d 624, 633; *People* v. *Singh, supra,* 156 Cal.App.2d 363, 366; *People* v. *Young* (1956) 138 Cal.App.2d 425, 427 [291 P.2d 980] ; *People* v. *Butler* (1945) 70 Cal.App.2d 553, 561 [161 P.2d 401] ; *People* v. *McGarvy* (1943) 61 Cal.App.2d 557, 564 [142 P.2d 92].) The liberality, to which reference is made, is to be applied in determining whether the established facts constitute the good cause required by the statute. It does not relieve the applicant from coming forward with requisite proof that the ends of justice will be subserved by permitting him to change his plea from guilty to not guilty. (*People* v. *Beck* (1961) 188 Cal.App.2d 549, 553 [10 Cal.Rptr. 396].) In determining the true facts the trial court is not bound by the uncontradicted statements of the defendant. In *People* v. *Parker* (1961) 196 Cal.App.2d 704 [16 Cal.Rptr. 718], the defendant contended he was '' 'confused and hesitantly entered a plea of guilty' '' because of the persuasion of his codefendants. The opinion recites: ''The trial judge was justified in not giving credence to Parker's affidavit or to the representations made on the hearing of the motion, even though uncontradicted. (*People* v. *McGee,* 127 Cal.App.2d 318, 320-321 [273 P.2d 833].)'' (196 Cal.App.2d at p. 708; see also: *People* v. *Perry, supra,* 220 Cal.App.2d 841, 844-845; *People* v. *Boyles* (1961) 191 Cal.App.2d 78, 82 [12 Cal.Rptr. 400] ; *People* v.

*Beck, supra,* 188 Cal.App.2d 549, 553; *People* v. *Caruso, supra,* 174 Cal.App.2d 624, 636.)

Reference to the record before this court reflects that the defendant did not file any affidavit or declaration in connection with his motion, nor did he offer more than his unsworn statement in support of it. (See: *People* v. *McDowell* (1962) 204 Cal.App.2d 734, 736 [22 Cal.Rptr. 646]; *People* v. *Singh, supra,* 156 Cal.App.2d 363, 366; *People* v. *Moffett, supra,* 137 Cal.App.2d 626, 629.) There is nothing in the record to show that he has a bona fide defense to either of the charges. (See: *People* v. *Beck, supra,* 188 Cal.App.2d 549, 553.) It may be asserted that he was deprived of an opportunity to go forward with sworn testimony of his physical condition at the time of entry of plea because of the trial court's cursory treatment of his claim. Nevertheless if the proceedings are examined as a pleading would be on a demurrer, or if it be assumed that defendant had testified in accordance with his statement, his case still falls short of establishing an abuse of discretion.

Defendant points to the statement of the trial judge that he thought he could take judicial notice of the effect of methedrine on a person's system, and the judge's conclusion that sufficient time elapsed between arrest and plea to permit the effects to wear off. He contends that a court may not take judicial notice of the effects of methedrine and that therefore he was denied a fair hearing on the facts upon which the lower court should exercise its discretion. This analysis, however, overlooks other factors before the court. The judge did not rest on the foregoing conclusions but examined the proceedings in which the defendant entered his plea. (See: *People* v. *Beck, supra,* 188 Cal.App.2d at p. 554.) The court also had before it and had read the probation report, and it must be assumed that the contents thereof had been made known to defendant and his counsel. (Penal Code section 1203 provides in part: ''The report and recommendations must be made available to the court and the prosecuting and defense attorneys at least two days prior to the time fixed by the court for the hearing. . . .'') The court was entitled to consider the delay of the defendant in making his application and his failure to assert his claim despite earlier opportunities to do so. (*People* v. *Francis, supra,* 42 Cal.App.2d 335, 337-338; *People* v. *Daigle* (1961) 194 Cal.App.2d 340, 342 [15 Cal.Rptr. 53]; *People* v. *Caruso, supra,* 174 Cal.App.2d 624, 641-642; *People* v. *Snowden* (1957) 149 Cal.App.2d 552,

557 [308 P.2d 815] (cert. den. 355 U.S. 841 [78 S.Ct. 62, 2 L.Ed.2d 49].) Here he made no mention of having been under the influence of a drug at his first appearance in the superior court 13 days after his pleas were entered before the magistrate, or in either of his motions which are dated February 10th; and in support of the ruling of the lower court, there being nothing in the record to the contrary, it may be assumed that he failed to mention this claim when interviewed by the probation officer. (See *People* v. *Snowden, supra.*)

In fact the case may well fall within the observation that ''A defendant charged with an offense cannot be permitted to gamble on the anticipated result of a plea of guilty and when disappointed in the outcome reestablish a right to trial. [Citations.]'' (*People* v. *Caruso, supra,* 174 Cal.App.2d 624, 642.)

On a motion for change of plea the court should properly consider whether or not the defendant is motivated by the threat of, or actual imposition of, punishment greater than that he originally contemplated. (*People* v. *McDowell, supra,* 204 Cal.App.2d 734, 737; *People* v. *McDonough, supra,* 198 Cal.App.2d 84, 91; *People* v. *Daigle, supra,* 194 Cal.App.2d 340, 341-342; *People* v. *Overton* (1961) 190 Cal. App.2d 369, 373 [11 Cal.Rptr. 885]; *People* v. *Snowden, supra,* 149 Cal.App.2d 552, 559.) Furthermore, the fact that the plea was to a lesser offense than that originally charged is a circumstance tending to show that the defendant exercised free judgment when he entered his plea. (See: *People* v. *Gannaro, supra,* 216 Cal.App.2d 25, 28.)

Under these circumstances it cannot be said that the trial court abused its discretion in disregarding defendant's unsworn statement and denying his motion. Many of the authorities to which reference has been made have upheld the denial of withdrawal of a guilty plea against defendant's contention that his volition was impaired at the time it was entered. (Confused and hesitant because of persuasion of his codefendants, *Parker, supra,* 196 Cal.App.2d at page 708; shock because of codefendant's decision to plead guilty and testify for the prosecution, *Boyles, supra,* 191 Cal.App.2d at page 81; mental distress, including fear, anxiety and other emotional factors which prevented him from exercising calm, deliberate and intelligent judgment, *Caruso, supra,* 174 Cal. App.2d at page 636; failure to hear the proceedings at the time he pleaded, *Moffett, supra,* 137 Cal.App.2d at pages 628-629; emotionally upset—state of semishock—malarial con-

dition—remembered almost nothing of the hearing at which he pleaded, *Ottenstror, supra,* 127 Cal.App.2d at page 106; lack of understanding as evidenced by later adjudication of sexual psychopathy, *Cooper, supra,* 123 Cal.App.2d at page 356 and *Broady, supra,* 120 Cal.App.2d at page 902.)

Having concluded that the trial court's exercise of its discretion in denying the motion is sustained by the record, it is unnecessary to determine whether or not it could in fact take judicial notice of the effect of methedrine on the defendant, or more particularly the time within which the effects of a dosage would wear off. The courts have taken judicial notice of the general effect on human behavior of the ingestion of alcohol (*In re Merkle* (1960) 182 Cal.App.2d 46, 50 [5 Cal. Rptr. 745]; *Pennix* v. *Winton* (1943) 61 Cal.App.2d 761 [143 P.2d 940], hearing S.Ct. denied (1944) 61 Cal.App.2d 777 [145 P.2d 561]; *Johnston* v. *Brewer* (1940) 40 Cal. App.2d 583, 587 [105 P.2d 365]; *People* v. *Salladay* (1913) 22 Cal.App. 552, 555 [135 P. 508]), and narcotic drugs (*People* v. *Victor* (1965) 62 Cal.2d 280, 301 [42 Cal.Rptr. 199, 398 P.2d 391]; *People* v. *Jones* (1962) 200 Cal.App.2d 805, 813 [19 Cal.Rptr. 787]; *People* v. *Jaurequi* (1956) 142 Cal.App.2d 555, 561 [298 P.2d 896]; *People* v. *Bill* (1934) 140 Cal.App. 389, 395 [35 P.2d 645]; *People* v. *Le Baron* (1928) 92 Cal.App. 550, 560 [268 P. 651, 269 P. 476]). It has been recognized that the intoxicating effect of alcohol diminishes with the passage of time. (*In re Howard* (1962) 208 Cal.App.2d 709, 712 [25 Cal.Rptr. 590]; *In re Newbern* (1959) 175 Cal.App.2d 862, 866 [1 Cal.Rptr. 80, 78 A.L.R.2d 901]; and see *People* v. *Crooker* (1956) 47 Cal.2d 348, 356 [303 P.2d 753].) It is a matter of common knowledge that the consumption of one drink of an alcoholic beverage, be it a "double manhattan," followed by dinner, sleep and breakfast could have no influence on the mental operation of a juror. (*People* v. *Crooker, supra*; and see: *People* v. *Van Horn* (1897) 119 Cal. 323, 333 [51 P. 538].[3]) On the other hand, the results of having .15 percent of alcohol in the blood is not such a law of nature that the court must take judicial notice that driving therewith is negligence as a matter of law. (*King* v. *Ludlow* (1958) 165 Cal.App.2d 620, 623-625 [332 P.2d 345].) It is generally recognized "that the power of judicial notice is as to matters claimed to be matters of general knowledge one to be used with caution. If there is

---

[3]Disapproved on another ground in *People v. Elliot* (1960) 54 Cal.2d 498, 503 [6 Cal.Rptr. 753, 354 P.2d 225].

any doubt whatever either as to the fact itself or as to its being a matter of common knowledge evidence should be required." (*Varcoe* v. *Lee* (1919) 180 Cal. 338, 345 [181 P. 223] ; see also: *Communist Party* v. *Peek* (1942) 20 Cal.2d 536, 546-547 [127 P.2d 889] ; and *Galloway* v. *Moreno* (1960) 183 Cal.App.2d 803, 809 [7 Cal.Rptr. 349].) [4] A distinction may well be drawn between generally recognized scientific principles and their application to a particular set of facts. "It is true that courts may take judicial knowledge of scientific facts which are commonly recognized. [Citation.] Under proper circumstances judicial knowledge of recognized laws of nature or science may require a court to disregard the allegations of a pleading which are in direct conflict therewith. [Citations.] Upon the contrary, it is equally true that courts will not take judicial notice of facts which are not matters of common or general knowledge. They do not necessarily take judicial notice of facts which may be ascertained by reference to dictionaries, encyclopedias or scientific publications. [Citation.] Even though the laws of nature or science are so well known that they become matters of judicial knowledge, their application to the facts of a particular case may still remain a valid matter of controversy. The effect of such natural laws, however, should be clear and unescapable before a court will be justified in ignoring specific allegations of a pleading." (*Roy* v. *Smith* (1933) 131 Cal.App. 148, 151 [21 P.2d 151].)

From the foregoing it is apparent that defendant's appeal would have been on less substantial grounds had evidence been adduced as to the effects of methedrine and, more particularly, in reference to defendant's physical condition at the time he entered his plea. Although the record sustains the court's exercise of its discretion in denying the motion for

---

[4] Caution in the instant case is suggested by the following: Methedrine is a brand name for methamphetamine hydrochloride. (See: Osol, et al., The Dispensatory of the United States of America, (25th Ed. 1960) pp. 837-839.) As such it falls within the definition of dangerous drugs contained in subdivision (c) of section 4211 of the Business and Professions Code, and the definition of restricted dangerous drugs added as subdivision (b) of section 11901 of the Health and Safety Code by Statutes 1965, chapter 2030, section 1 (cf. *op. cit.* for relationship of metamphetamine hydrochloride to the amphetamine and desoxyephedrine referred to in the statutes). According to the text first cited: "The duration of the action of metamphetamine, like that of amphetamine, is prolonged. Very likely it is excreted as such slowly over a period of days. . . ." (P. 838.)

"Since the compound is only slowly excreted, recovery from serious overdosage may require several days." (P. 839.)

change of plea, it is obvious, with the advantage of hindsight, that a better record would have permitted summary disposition of defendant's appeal, and that it well might have entirely discouraged his request for review.

The judgment is affirmed.

Sullivan, P. J., and Molinari, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 2, 1966.